*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0308p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

KENNETH ROY THOMAS,

*Defendant-Appellant.*

No. 06-1290

>

---

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 02-00229—Robert H. Cleland, District Judge.

Argued: July 18, 2007

Decided and Filed: August 10, 2007

Before: MOORE and GILMAN, Circuit Judges; FORESTER, District Judge.[*]

---

**COUNSEL**

**ARGUED:** Gary W. Crim, Dayton, Ohio, for Appellant. Julie Ann Woods, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** Gary W. Crim, Dayton, Ohio, for Appellant. Julie Ann Woods, Andrew Byerly Birge, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee.

MOORE, J., delivered the opinion of the court, in which GILMAN, J., joined. FORESTER, D. J. (pp. 6-7), delivered a separate dissenting opinion.

---

**OPINION**

---

KAREN NELSON MOORE, Circuit Judge. Defendant-Appellant Kenneth Roy Thomas ("Thomas") was convicted by a jury on one count of bank robbery. After a prior appeal and remand for resentencing, Thomas now appeals his sentence of 240 months in prison, five years of supervised release, a $4,500 fine, and ten dollars in restitution. Thomas argues that his sentence is unreasonable because the district court did not consider adequately the factors set forth in 18 U.S.C. § 3553(a). Because the record does not make clear the district court's consideration of the relevant § 3553(a)

---

[*] The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

factors and its reasoning for imposing the sentence that it did, we **VACATE** Thomas's sentence and **REMAND** the case for resentencing.

## I. BACKGROUND

We have previously summarized the underlying facts in this case:

> On September 23, 2002, a man entered a Bank One branch in Grand Rapids, Michigan, approached a teller window, and demanded "your hundreds, your fifties," and a pack of tens. Tolanda Staten, the teller, testified that the robber ordered her to either "[g]o talk to them," or "[d]on't talk to them," but she was uncertain exactly what he said. Staten was so distraught she forgot bank procedures and her manager's name, but she did give the robber a pack of tens with a dye pack in it. After the robber fled, she shouted to the bank manager that she had been robbed and called the police to give them a description of the robber.

*United States v. Thomas*, 116 F. App'x 727, 728-29 (6th Cir. 2004) (unpublished opinion). The robber was soon apprehended and identified as Kenneth Roy Thomas. A federal jury found Thomas guilty of one count of bank robbery, in violation of 18 U.S.C. § 2113(a). Then-District Judge David W. McKeague sentenced Thomas to the statutory maximum of 240 months in prison, within the then-mandatory Guidelines range of 210 to 262 months in prison.[1]

We affirmed Thomas's conviction on appeal. *Thomas*, 116 F. App'x 727. Although Thomas did not raise any sentencing issues on appeal, he filed a petition for writ of certiorari in the Supreme Court, and on January 24, 2005, the Supreme Court granted Thomas's petition, vacated the judgment, and remanded the case back to us for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). *Thomas v. United States*, 543 U.S. 1116 (2005). On April 1, 2005, we remanded the case to the district court for resentencing in light of *Booker*. *United States v. Thomas*, No. 03-1691 (6th Cir. Apr. 1, 2005) (unpublished order).

Judge McKeague meanwhile had become a judge on our court. On remand, Thomas's case was reassigned to District Judge Robert H. Cleland for resentencing.[2] On November 14, 2005, Thomas filed a sentencing memorandum discussing the relevant § 3553(a) factors. Among other things, Thomas's memorandum discussed the relatively nonviolent nature of Thomas's crime; argued that a sentence below the applicable Guidelines range would adequately reflect the seriousness of the offense, provide just punishment, and avoid unwarranted sentencing disparities, as defendants convicted of similar crimes generally received far shorter sentences; argued that a sentence below the applicable Guidelines range would protect the public from any further crimes by Thomas, given his age; and noted Thomas's rehabilitative efforts. On February 2, 2006, the district court held Thomas's resentencing hearing. The district court noted that it "ha[d] received [Thomas's sentencing memorandum], read it and understand its presentations." Joint Appendix ("J.A.") at 34 (2/2/06 Hr'g at 7). After addressing arguments relating to Thomas's representation and the geographic location of resentencing, the district court calculated the applicable Guidelines range to be 210 to 262 months in prison, noted the statutory maximum of 240 months in prison, and stated:

---

[1] Because the statutory maximum of 240 months in prison was less than the upper limit of the applicable Guidelines range, the district court had the discretion to sentence Thomas only within the range of 210 to 240 months in prison. *See* United States Sentencing Guideline § 5G1.1(c)(1).

[2] Although Judge Cleland is a United States District Judge for the Eastern District of Michigan, Thomas's resentencing was assigned to him as a visiting judge for the Western District of Michigan.

It is quite clear to me that Judge McKeague had every ability to impose a sentence less than 240 months. He recognized a range certainly of 210 to 240 months, and it is not entirely clear why, except for in the exercise of the utmost restraint and caution, a case such as this would be remanded for reconsideration and resentencing. Upon full reconsideration, it is my view that a sentence of 240 months is appropriate. It is a sentencing fact that replicates the middle of the guideline range correctly calculated here. It happens to coincide with the statutory maximum, but that is, as far as I am concerned, essentially happenstance. I believe that a sentence of 240 months, given the defendant's background and behavior in this particular case is a fair, adequate and reasonable sentence considering the advisory guideline range that applies, and as well considering the additional factors contained within 18 [U.S.C.] Section 3553(a).

J.A. at 40-41 (2/2/06 Hr'g at 13-14). The district court also sentenced Thomas to five years of supervised release, a $4,500 fine, and ten dollars in restitution. Thomas timely appealed.

## II. ANALYSIS

Thomas argues that his sentence should be vacated because the district court's sentencing determination was procedurally unreasonable.

### A. Standard of Review

We review a district court's sentencing determination for reasonableness, *Rita v. United States*, --- U.S. ---, 127 S. Ct. 2456, 2459 (2007); *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005), *cert. denied*, --- U.S. ---, 126 S. Ct. 1110 (2006), which, we have determined, "has both substantive and procedural components," *United States v. Jones*, --- F.3d ---, 2007 WL 1595540, at *5 (6th Cir. June 5, 2007). The Supreme Court's recent decision in *Rita v. United States* "reinforces our conclusion that reasonableness review requires us to inquire into both 'the length of the sentence' and 'the factors evaluated and the procedures employed by the district court in reaching its sentencing determination.'" *United States v. Liou*, --- F.3d ---, 2007 WL 2066854, at *4 (6th Cir. July 20, 2007) (quoting *Webb*, 403 F.3d at 383). "*Rita* exhorts the sentencing judge to satisfy the procedural requirement of 'set[ting] forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" *Id.* (alteration in original) (quoting *Rita*,127 S. Ct. at 2468). Accordingly, "we review the sentencing transcript to ensure (1) that the sentencing judge adequately considered the relevant § 3553(a) factors and clearly stated his reasons for imposing the chosen sentence, and (2) that the sentence is substantively reasonable." *Id.* at *5 (footnote omitted). Although "[t]he amount of reasoning required varies according to context," *id.* at *4, "we will vacate a sentence if the 'context and the record' do not 'make clear' the court's reasoning," *id.* at *5 n.4 (quoting *Rita*, 127 S. Ct. at 2469).

The government agrees that we normally review a sentence for reasonableness, but argues that we should review the district court's sentencing determination in this case only for plain error because Thomas did not object below to the district court's statement of reasons. In *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004), we set forth the following rule governing this issue:

[D]istrict courts, after pronouncing the defendant's sentence but before adjourning the sentencing hearing, [must] ask the parties whether they have any objections to the sentence just pronounced that have not previously been raised. If the district court fails to provide the parties with this opportunity, they will not have forfeited their objections and thus will not be required to demonstrate plain error on appeal. If a party does not clearly articulate any objection and the grounds upon which the

> objection is based, when given this final opportunity [to] speak, then that party will
> have forfeited its opportunity to make any objections not previously raised and thus
> will face plain error review on appeal.

*Id.* at 872-73 (footnote omitted).  We have since made clear that "[a] district court can satisfy the requirements of the *Bostic* rule only by clearly asking for objections to the sentence that have not been previously raised."  *United States v. Clark*, 469 F.3d 568, 570 (6th Cir. 2006).  In this case, the district court asked Thomas's counsel, "Do you have anything further for the record, Mr. Canady?" J.A. at 44-45 (2/2/06 Hr'g at 17-18).  We have previously determined that a similar question by the district court is not clear enough to satisfy the requirements of the *Bostic* rule.  *See Clark*, 469 F.3d at 570 (concluding that a district court did not satisfy the requirements of the *Bostic* rule by asking, "Anything else, Ms. Goode?").  Accordingly, Thomas's failure to raise his argument below does not limit us to plain-error review.

## B.  Procedural Reasonableness

Thomas argues that the district court's sentencing determination was procedurally unreasonable because the district court did not adequately set forth reasons for imposing Thomas's sentence.  We agree.  The record makes clear that the district court considered the applicable Guidelines range, but not much else.  The district court generally noted "the defendant's background and behavior in this particular case," J.A. at 41 (2/2/06 Hr'g at 14), but otherwise never mentioned anything resembling the § 3553(a) factors, save a conclusory reference to "considering the additional factors contained within 18 [U.S.C.] Section 3553(a)," *id.*  As described above, Thomas in his sentencing memorandum raised a number of arguments regarding application of the § 3553(a) factors, but those arguments went unmentioned and unaddressed, save the general statement by the district court that it had received, read, and understood the sentencing memorandum.  In such circumstances, we must conclude that "the 'context and the record' do not 'make clear' the court's reasoning," *Liou*, 2007 WL 2066854, at *5 n.4 (quoting *Rita*, 127 S. Ct. at 2469), and, accordingly, we must vacate Thomas's sentence.  *See also id.* at *5 ("[W]e review the sentencing transcript to ensure . . . that the sentencing judge adequately considered the relevant § 3553(a) factors and clearly stated his reasons for imposing the chosen sentence . . . .").

We recognize that the district court's statement of reasons in this case bears some resemblance to the statement of reasons sanctioned by the Supreme Court in *Rita*.  In that case, the district court, after listening to and repeating the defendant's arguments, stated that it was "unable to find" that the defendant should be sentenced below the applicable Guidelines range, mentioned § 3553 and the need to protect the public, and concluded that a sentence at the bottom of the Guidelines range was "appropriate."  *Rita*, 127 S. Ct. at 2462, 2469.  Importantly, though, the record in *Rita* made clear that the district court considered and rejected the defendant's arguments for a lower sentence, as the district court summarized the defendant's three arguments before rejecting them and sentencing the defendant within the Guidelines range.  *Id.* at 2461.  In this case, the district court's only mention of Thomas's numerous arguments for a lower sentence was the statement, "I certainly have received [the sentencing memorandum], read it and understand its presentations." J.A. at 34 (2/2/06 Hr'g at 7).  This conclusory statement leaves us unsure as to whether the district court adequately considered and rejected Thomas's arguments regarding proper application of the § 3553(a) factors or whether it misconstrued, ignored, or forgot Thomas's arguments.[3]  Because the district court did not "set forth enough to satisfy the appellate court that he has considered the

---

[3] The dissent lists many of Thomas's arguments and identifies a number of reasons why the district court might have rejected them.  This is exactly what the district court did not do, however, and it is not our role to supply reasons for the district court's sentencing determination where the district court itself supplied none.  *See Liou*, 2007 WL 2066854, at *5 ("[I]t is for the district court to determine, in the first instance, what sentence is 'sufficient, but not greater than necessary' to meet these interests [set forth in 18 U.S.C. § 3553(a)]." (quoting 18 U.S.C. § 3553(a))).

parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority," *Rita*, 127 S. Ct. at 2468, *Rita* requires that we vacate Thomas's sentence.

## III.  CONCLUSION

Because the record does not make clear the district court's consideration of the relevant § 3553(a) factors and its reasoning for imposing the sentence that it did, we **VACATE** Thomas's sentence and **REMAND** the case for resentencing.

---

**DISSENT**

---

FORESTER, District Judge.  Respectfully, I dissent from the majority opinion and would affirm the sentence of Kenneth Roy Thomas.

Thomas was convicted by a jury of robbing a bank by intimidation on September 23, 2002. His escape plan was thwarted, and he was apprehended several blocks from the bank with red dye-pack ink on his hands.  116 Fed. Appx. 727, 729.  At the time of this offense, Thomas was on parole from two separate convictions for bank robbery.  J.A. at 57.  As a career criminal, his criminal history category was VI.  *Id.*  The guideline range for his imprisonment was 210 to 262 months; however, the statutory maximum was 240 months.  The court acknowledged reading and understanding the memorandum from counsel.  It discussed counsel's argument that the presentence report should not include an enhancement for possession of a knife and agreed with that. J.A. at 29, 41.  The court articulated its consideration of the presentence report and Thomas' career offender status, Thomas' background and behavior in this particular case, the advisory nature of the Guideline range, Thomas' need for substance abuse treatment and mental health treatment, and Thomas' inability to pay the fine imposed.  Under the circumstances, the court found the 240-month sentence to be "fair, adequate and reasonable."  J.A. at 41.

Thomas did not claim on appeal that his sentence was substantively unreasonable.  He did not argue below or on appeal any factual basis that would warrant a departure from the Guidelines. He did not claim that the Guidelines failed to treat properly some characteristic of his, or that they reflected unsound judgment in any manner.  His sole criticism on appeal was that the district court failed to articulate sufficiently its consideration of the § 3553(a) factors.

In *United States v. Williams*, 436 F.3d 706 (6th Cir. 2006), this court  considered an argument that a sentencing court failed to integrate properly the statutory factors during sentencing. In rejecting Williams' claim, this court said:

> Williams identifies no factor from § 3553(a) that would render his sentence unreasonable; instead he asks the court to conclude that the district court's failure to explicitly discuss each factor rendered his sentence unreasonable.  "Although the district court may not have mentioned all of the [§ 3553(a)] factors ... explicitly, and although explicit mention of those factors may facilitate review, this court has never required the 'ritual incantation' of the factors to affirm a sentence."

*Id.* at 708-09, quoting *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005). *See also United States v. McGee*, ___ F.3d ___, 2007 WL 1989017 at *6 ("Indeed, in most cases, if there is no factual basis for a defendant's argument, the district court need not specifically address the argument").

*Rita v. United States*, 127 S.Ct. 2456 (2007), addressed the same argument made by Thomas that there was an insufficient articulation of the court's consideration of the § 3553(a) factors. Rejecting that argument, the court said: "In our view, given the straightforward, conceptually simple arguments before the judge, the judge's statement of reasons here, though brief, was legally sufficient." *Id.* at 2468.  *Rita* made it clear that when no legitimate argument is made for a departure and the case appears typical of its type, little need be said.

> Nonetheless, when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation.  Circumstances may

well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical. Unless a party contests the Guidelines sentence generally under § 3553(a) – that is argues that the Guidelines reflect an unsound judgment, or, for example, that they do not generally treat certain defendant characteristics in the proper way – or argues for departure, the judge normally need not say more.

Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence, however, the judge will normally go further and explain why he has rejected those arguments.

*Id.,* citation omitted.

The majority seeks to distinguish *Rita* because the record "made clear that the district court considered and rejected the defendant's arguments for a lower sentence, as the district court summarized the defendant's three arguments before rejecting them and sentencing the defendant within the Guidelines range." Slip Opinion at 7. The critical distinction in *Rita* is that the defense in that case presented the district court with three "nonfrivolous reasons for imposing a different sentence," including that Rita was a vulnerable defendant because of his prior government criminal justice work, that he had military experience and that his physical condition was poor. *Id.* at 2461.

By contrast, the defense memorandum in the present case provided conclusory statements regarding circumstances that are already encompassed by the Guidelines. For example, defense counsel mentioned that no weapons were used or displayed and no one was injured. The base offense level of 20 in this case presupposes a relatively nonviolent crime. Had there been violence in the form of brandishing a dangerous weapon, threats, or injury, the offense level would have been "enhanced." U.S.S.G. § 2B3.1. Thus, relative nonviolence does not support imposing a different sentence. *United States v. Funk*, 477 F.3d 421, 427 (6th Cir. 2007) ("It therefore defies logic to *reduce* the defendant's sentence because of the *absence* of this factor; the properly calculated guidelines range has already taken into account its absence"). Similarly, the argument that "defendants convicted of similar crimes generally received far shorter sentences" merely reflected a disagreement with Congress' substantial mandatory sentence for a career offender. Counsel argued: " If Mr. Thomas were not classified as a career offender, his range could be considerably lower." Presentence Brief, p. 5. The court could not consider that argument, however. *Funk*, 477 F.3d at 429 ("But the district court's disagreement with congress as to what constitutes an appropriate sentence for a repeat offender of the kind described by U.S.S.G. § 4B1.1 is a policy matter, and not a permissible factor upon which to base a sentencing determination"). The seriousness of the offense, just punishment, unwarranted sentencing disparities, and protection of the public are all encompassed by the Guidelines. This sentence reflecting a proper application of the Guidelines was entitled to a presumption of reasonableness on appeal. *Rita,* 127 S.Ct. at 2462. "[W]here judge and Commission *both* determine that the Guidelines sentence is an appropriate sentence for the case at hand, that sentence likely reflects the § 3553(a) factors (including its 'not greater than necessary' requirement)." *Id.* at 2467.

In the present case, there is sufficient evidence that the district court heard and considered the arguments made. The court even showed considerable patience with Thomas' insistence that some verbal order had unfairly constrained his counsel. J.A. at 34-40. As in *Williams*, "the district court articulated its reasoning sufficiently to permit reasonable appellate review." *Williams*, 436 F.3d at 709. *Rita* does not require more. Accordingly, I would affirm.