NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0780n.06
Filed: November 7, 2007

No. 06-1767

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | ON APPEAL FROM THE |
| | : | UNITED STATES DISTRICT COURT |
| v. | : | FOR THE WESTERN DISTRICT OF |
| | : | MICHIGAN |
| | : | |
| DANIEL LAMONT DARDEN, | : | |
| | : | |
| Defendant-Appellant. | : | |
| | : | |
| | : | |

BEFORE: GIBBONS and McKEAGUE, Circuit Judges; and BERTELSMAN, District Judge[*].

PER CURIAM:

In this sentencing appeal, defendant-appellant Daniel Lamont Darden contends that the district court relied upon impermissible factors in departing upward by three months from the Guidelines range calculated in the presentence report, and that his 60-month sentence is thus procedurally and substantively unreasonable. Concluding that the district court committed no reversible error, we affirm.

---

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

# I. BACKGROUND

On November 17, 2005, the grand jury for the Western District of Michigan returned a two-count indictment against Darden. Count One charged that on January 19, 2005, Darden, a felon, possessed a firearm in violation of 18 U.S.C §922(g)(1). Count Two charged that on the same date, Darden possessed marijuana with the intent to distribute in violation of 21 U.S.C. §841(a)(1) and (b)(1)(D).

Darden was born on September 19, 1981, in Kalamazoo, Michigan. His father is a manager at a pharmaceutical plant in Kalamazoo as well as a minister, and his mother is a manager of a department store. His parents live together and have been married for over thirty years. His parents have a good relationship and provided a comfortable middle-class lifestyle for Darden and his two siblings. Darden reported being raised in a stable home environment, denied any physical or sexual abuse, denied any past or current health issues, and denied any past or current mental or emotional issues.

Darden stated that he began smoking marijuana at the age of 15 and began drinking alcohol at the age of 16. His consumption habits included smoking a cigar-sized marijuana cigarette each day and drinking approximately a fifth of liquor a week. Darden reported that he stopped smoking marijuana and consuming alcohol in July of 2005. Darden successfully completed substance abuse treatment on January 5, 2006, and his discharge summary recommended no further treatment and gave him a good prognosis.

Darden has multiple adult criminal convictions including the following:

> 3-10-99: Discharge of a Firearm
> 1-22-00: Minor in Possession of Liquor-1st offense
> 12-9-00: Controlled substance – Possession of Marijuana

9-27-03: Controlled substance delivery/Manufacture of Marijuana

Other criminal conduct includes an arrest in 2002 for possession of marijuana and an arrest in 2006 for operating a motor vehicle under the influence of liquor. Due to Darden's previous criminal conduct, his offense level was 21 with a criminal history category of III. Therefore, the Guidelines range for imprisonment was 46-57 months.

Darden entered a guilty plea to Count One, Felon in Possession of a Firearm, on January 26, 2006. On May 12, 2006, the district court sentenced Darden to 60 months in prison, three years supervised release, and it imposed other conditions not at issue in this appeal. Count Two was dismissed on motion of the government.

Darden filed a timely notice of appeal to this court on May 22, 2006.

## II. ANALYSIS

### A. Standard of Review

We normally review a district court's sentencing determination for reasonableness, *Rita v. United States*, --- U.S.---, 127 S. Ct. 2456, 2459 (2007), which, we have determined, "has both substantive and procedural components." *United States v. Thomas*, 498 F.3d 336, 339 (6th Cir. 2007) (citation omitted).

Where, however, the defendant does not object to the district court's statements of reasons for the sentence before the sentencing hearing is adjourned, our review is only for plain error. *Id.* at 340. As we stated in *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004):

> [D]istrict courts, after pronouncing the defendant's sentence but before adjourning the sentencing hearing, [must] ask the parties whether they have any objections to the sentence just pronounced that have not previously been raised. If the district court fails to provide the parties with this opportunity, they will not have forfeited their objections and thus will not be required to demonstrate plain error on appeal. If a party does not clearly

3

articulate any objection and the grounds upon which the objection is based, when given this final opportunity to speak, then that party will have forfeited its opportunity to make any objections not previously raised and thus will face plain error review on appeal.

*Id.* at 872-73. A "plain error" is an error that is clear or obvious, which may be addressed by the appellate court notwithstanding the party's forfeiture if it affects substantial rights and seriously affects the fairness, integrity or public reputation of judicial proceedings. *Id.* at 873.

At the conclusion of Darden's sentencing hearing, the district court specifically asked both parties whether they had "[a]ny legal objection to the sentence imposed?" Both responded in the negative. Under *Bostic*, therefore, our review of Darden's sentence is for plain error.

**B.     Procedural Reasonableness**

To review for procedural reasonableness, we examine the sentencing transcript to ensure that the sentencing judge adequately considered the relevant factors set forth in 18 U.S.C. § 3553(a) and that he clearly stated his reasons for imposing the chosen sentence. *Thomas*, 498 F.3d at 340 (internal quotations and citation omitted).

Section 3553(a) provides, in relevant part:

The court shall impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in paragraph (2).... [and] shall consider –

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed --

　　　(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

　　　(B) to afford adequate deterrence to criminal conduct;
　　　(C) to protect the public from further crimes of the defendant; and
　　　(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for ... the applicable

4

category of offense committed by the applicable category of defendant as set forth in the guidelines – [and]

\* \* \*

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . .

18 U.S.C. § 3553(a).

The record here demonstrates that the district court adequately considered the nature and circumstances of the offense and Darden's history and characteristics. The court first indicated that it had reviewed the plea agreement as well as the presentence report, and it asked counsel whether there were any corrections to the latter. Counsel for both parties responded that there were none.

The court then reviewed with Darden the circumstances surrounding his violation of the conditions of his release pending sentencing. Specifically, after entering his guilty plea in this matter and being released on bond, Darden was arrested for driving under the influence of alcohol. Darden admitted to this conduct.

Next, the court reviewed with Darden the circumstances of the offenses charged in the indictment, specifically his possession of a .357 magnum caliber revolver and his possession with the intent to distribute an unspecified quantity of marijuana. Again, Darden admitted to these facts.

Having reviewed all of this information, the court stated:

Under 3553(a) the Court has to consider the nature and circumstances of this offense conduct. Obviously, this was repetitive conduct. Obviously, Mr. Darden was unable to, after entering a guilty plea and being released on bond, was unable to navigate his social and other responsibilities such as to be able to remain law-abiding during that short period of time.

5

So I think I see a pattern of criminal behavior here that has got to be stopped. I think there's a high likelihood of recidivism, and that has to come to an end. Mr. Darden, you're going to have to grow up. You're 24, but it's time to grow up.

Your characteristics are that you came, and I think Mr. Schipper put his finger right on it, you came from a family home that was loving and caring and gave you moral guidance, and you just threw it all away for some reason. I don't know what. But you know how to talk the game, but you've got to walk the walk. You can't walk the walk. You can talk a pretty good game. I'm being real honest with you. I'm disappointed in you.

A lot of people come standing where you are and their mother and father were never married and they were raised by a grandmother and nobody cares and they've been running the streets and living in boxes and whatever, you know, but you're not that kind. You're not that kind. I have higher expectations for you than that, and that's why I'm going to be a little harder on you than I am on other people.

So I'm going to sentence you, looking at the seriousness of this offense and I want to promote some respect for the law, and I'm going to give you an opportunity to address this drug situation which I think is voluntary and it's self-induced and it's selfish. I'm going to sentence you [to] 60 months in the custody of the Federal Bureau of Prisons. I'm going to require that you be assessed for drug and alcohol addiction and that you be given intensive treatment in accordance with the assessment that is secured by the Federal Bureau of Prisons.

It is thus clear that, procedurally speaking, the sentence is reasonable. The court considered the relevant § 3553(a) factors in arriving at the sentence, including Darden's history and characteristics; his possession of drugs and a firearm; his pattern of criminal activity, including his offense while awaiting sentencing; the likelihood of recidivism; the need to promote respect for the law; Darden's substance abuse problems; and the fact that prior sentences had not caused Darden to conform his conduct to the law. As shown above, the district court explained these reasons on the record. The sentence is thus procedurally sound.

C.      **Substantive Reasonableness**

Darden makes two challenges to the substantive reasonableness of his 60-month sentence,

which exceeded the Guidelines range by three months. He asserts that the district court "unjustifiably" relied on the fact that Darden was charged with driving under the influence while awaiting sentencing in this matter. Secondly, Darden argues that the district court improperly factored into its sentencing decision the fact that Darden did not come from a deprived family.

A sentence may be considered substantively unreasonable when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors, or gives an unreasonable amount of weight to any pertinent factor. *United States v. Keller*, 498 F.3d 316, 322 (6th Cir. 2007) (citation and internal quotations omitted).

Several other principles are relevant to the substantive reasonableness analysis. First, the Supreme Court has held that, while sentences within the Guidelines range are afforded a presumption of reasonableness, sentences outside of the Guidelines range are not presumptively unreasonable. *Rita v. United States*, – U.S. –, 127 S. Ct. 2456, 2467 (2007).

Second, we have adhered to a "proportionality" principle when reviewing out-of-Guidelines range sentences, albeit while noting that the Supreme Court will take up this issue this Term. *Keller*, 498 F.3d at 323. Thus, with respect to both downward and upward variances from Guidelines-range sentences, "the greater the variance outside of the Guidelines range, the more explanation the district court will have to provide and the more persuasive that explanation will have to be." *Id.*; *see also United States v. Poynter* 495 F.3d 349, 352-53 (6th Cir. 2007) (affirming applicability of proportionality review).

Finally, both the Supreme Court and this court have recognized that the district courts occupy a "ring-side" position with respect to each defendant and his or her individual circumstances, and reviewing courts consequently must give considerable deference to the

district court's sentencing judgment. *See Rita*, 127 S. Ct. at 2469; *Poynter*, 495 F.3d at 351-52.

Application of these principles, coupled with our review of the sentencing transcript, leads us to conclude that Darden's sentence is substantively reasonable. First, an upward variance of three months from a Guidelines range of 46-57 months is, proportionately speaking, modest and does not require lengthy justification. *See Poynter*, 495 F.3d at 357 ("By its terms, a proportionality principle would ask little in the way of explanation for a sentence that varies little from the guidelines.").

Second, we do not find reversible error in the district court's reliance on the factors cited by Darden. His violation of the terms of his release pending sentencing is clearly relevant to the § 3553(a) analysis. On the record, the court specifically linked this incident to Darden's pattern of criminal activity and "high likelihood of recidivism." That Darden admittedly operated a vehicle while under the heavy influence of alcohol approximately one month prior to being sentenced on a serious federal criminal charge further suggests a lack of respect for the law and a need for substance abuse treatment, factors made expressly relevant by the statute and ones that the district court specifically mentioned in its statement of reasons. *See* 18 U.S.C. § 3553(a)(2).

Moreover, the district court's reference to the fact that Darden came from a stable, loving background does not render the sentence substantively unreasonable, particularly when viewed in context of the court's entire sentencing analysis, which the Supreme Court has indicated is the correct approach. *See Rita*, 127 S. Ct at 2469.

Although the district court could have explained its reasoning in different terms, it is clear from the record that, based on its review of all the surrounding circumstances, the court believed that something beyond the Guidelines range sentence was necessary to get Darden's attention.

With nothing in Darden's background to mitigate or explain his conduct, the court obviously believed that Darden's pattern of criminal behavior reflected a conscious disregard for the law, and that the pattern would continue unless Darden was sentenced to a term of imprisonment sufficiently lengthy to deter him from further such conduct. Moreover, the court noted that the 60-month sentence would enable Darden to receive intensive, long-term treatment for substance abuse which, as Darden conceded during the hearing, was a likely underlying cause of his criminal conduct.

Thus, while the district court's comments that Darden's good family background warranted a harsher sentence may not have been entirely appropriate, given the context, they do not render the sentence substantively unreasonable under plain error review.

Darden thus has failed to demonstrate that the sentence imposed by the district court was substantively unreasonable.

## III. CONCLUSION

For these reasons, we **AFFIRM**.