NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0176n.06
Filed: April 2, 2008

**No. 06-6463**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| vs. | ) | DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT |
| PHILLIP E. WELDON, aka Darryl Gant, | ) | OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: DAUGHTREY and SUTTON, Circuit Judges; and POLSTER, District Judge.[*]

**Dan Aaron Polster, District Judge.**

## I. BACKGROUND

Appellant Phillip E. Weldon, a.k.a. Darryl Gant, pleaded guilty, on the eve of trial, to a two-count indictment for possessing and conspiring to distribute (powder) cocaine. There was an oral plea agreement. Eleven days after entering his plea – but before sentencing – Weldon filed a motion to withdraw the guilty plea, which the district court denied after a hearing. The court subsequently sentenced Weldon to, *inter alia*, 188 months' imprisonment, a significant downward variance from the advisory United States Sentencing Guidelines (the "advisory Guidelines") range of 210-262 months.

Weldon now appeals his conviction and sentence, bringing three primary points of

---

[*]The Honorable Dan Aaron Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

error. Weldon argues that (1) the district court abused its discretion by denying his motion to withdraw guilty plea; (2) his trial counsel was constitutionally ineffective; and (3) a prison term of 188 months is substantively unreasonable. We address each argument in turn.

## II. DENIAL OF THE WITHDRAWAL MOTION

Weldon appeals the district court's denial of his motion to withdraw guilty plea, arguing that he entered the plea with an "unsure heart and confused mind." The district court conducted an evidentiary hearing and then issued a thorough, well-reasoned opinion denying the motion. We agree with the analysis articulated by the district court. Accordingly, we adopt the district court's memorandum opinion and order, and affirm Weldon's conviction.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Weldon's second contention is that he received constitutionally ineffective assistance of counsel because his attorney at that time failed to properly advise him of the consequences of entering his guilty plea. It is a well-settled general rule that "'a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations.'" *United States v. Sanders*, 404 F.3d 980, 986 (6th Cir. 2005) (quoting *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (in turn citing *United States v. Wunder*, 919 F.2d 34, 37 (6th Cir. 1990))). Instead, the Sixth Circuit has "'routinely concluded that such claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on this issue.'" *United States v. Martinez*, 430 F.3d 317, 338 (6th Cir. 2005) (citing *United States v. Brown*, 332 F.3d 363, 369 (6th Cir. 2003) (citations omitted)). Moreover, we are reluctant to rule on Weldon's ineffective assistance of counsel claim here, because to do so

2

would impede any subsequent § 2255 motion a second or successive motion, which could not be filed without receiving authorization from this Court. We see no reason to depart from the general rule in this case, and therefore we decline to address the merits of Weldon's ineffective-assistance-of-counsel claim on direct appeal.

## IV. THE REASONABLENESS OF WELDON'S PRISON SENTENCE

Finally, Weldon appeals his 188-month prison sentence.[1] He argues that the sentence is substantively unreasonable because the district court placed too much emphasis on some of the 18 U.S.C. § 3553(a) factors while ignoring other significant factors.

The district court's overall sentencing determination is reviewed for reasonableness. *United States v. Tate*, No. 06-6529, ___ F.3d ___, slip op. at 4 (6th Cir. Feb. 15, 2008) (citing *United States v. Thomas*, 498 F.3d 336, 339 (6th Cir. 2007)). The reasonableness of a sentence is reviewed under a deferential abuse-of-discretion standard. *Gall v. United States*, 128 S. Ct. 586, 598 (2007) ("The uniqueness of the individual case . . . does not change the deferential abuse-of-discretion standard of review that applies to all sentencing decisions.").

We "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on the whole, justify the extent of the variance." *United States v. Phinazee*, No. 06-5730, ___ F.3d ___, slip op. at 3 (6th Cir. Feb. 7, 2008) (quoting *Gall*, 128 S. Ct. at 597). Even if the appellate court "might reasonably have concluded that a different sentence was appropriate," that fact is insufficient to justify reversal of the district court. *See id.*

Reasonableness review "has both a procedural and a substantive component." *United*

---

[1]Weldon does not appeal the other components of his sentence.

*States v. Wheaton*, No. 06-4080, ___ F.3d ___, slip op. at 11 (6th Cir. Feb. 19, 2008) (citing *Gall*, 128 S. Ct. at 597; *United States v. Thomas*, 498 F.3d 336, 339 (6th Cir. 2007)); *accord Phinazee*, No. 06-5730, slip op. at 2 ("Our reasonableness review is two-fold, requiring that a sentence be both procedurally and substantively reasonable.") (citing *United States v. Davis*, 458 F.3d 491, 495 (6th Cir. 2006)). Weldon does not challenge the procedural reasonableness of his sentence. Therefore we limit our reasonableness review to whether the 188-month sentence was substantively reasonable. *See Tate*, No. 06-6529, slip op. at 8.

A sentence "'may be substantively unreasonable when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor.'" *Phinazee*, No. 06-5730, slip op. at 2 (quoting *United States v. Borho*, 485 F.3d 904, 908 (6th Cir. 2007) (citation and quotation marks omitted)). Ultimately, "the touchstone for our review is whether the length of the sentence is reasonable in light of the § 3553(a) factors." *Tate*, No. 06-6529, slip op. at 8 (citing *United States v. Cherry*, 487 F.3d 366, 370 (6th Cir. 2007)).

Weldon's case is unusual in that he argues that the district court's sizeable downward variance is substantively unreasonable because the variance is not large enough. Specifically, Weldon argues that the district court gave an unreasonable amount of weight to two § 3553(a) factors – his history and characteristics, and the seriousness of the offense – while ignoring other significant factors. We disagree.

As an initial matter, the district court repeatedly recognized its responsibility to impose a sentence in accord with 18 U.S.C. § 3553(a)'s so-called parsimony provision. (See Joint Appendix at 251, 255-56.) Additionally, the district court explicitly considered several of the

4

§ 3553(a) factors, including: the applicable 210-262 month advisory Guidelines range, (J.A. at 232-33, 251), *see* 18 U.S.C. § 3553(a)(4); the nature and circumstances of Weldon's offense, (J.A. at 251 (discussing Weldon's engagement in the instant offense in order to meet child support obligations)), and Weldon's history and characteristics, (J.A. at 251-52 (discussing Weldon's background of criminal offenses and current 21-month (and counting) period of incarceration for the instant offense)), *see* § 3553(a)(1); the Sentencing Commission's Policy Statement on departures based on inadequacy of criminal history category, (J.A. at 254-55 (explaining that the court was not going to rule that criminal history category VI significantly overstated Weldon's criminal history, but that it was consulting the advisory Guidelines range applicable as if it had, as a guide in order to determine a sentence that satisfied the § 3553(a) parsimony provision)), *see* § 3553(a)(5); the seriousness of the offense, (J.A. at 253 ("Drug offenses are serious business. They may not involve violence, but they certainly lead to violent behavior.")), *see* § 3553(a)(2)(A); promotion of respect for the law, (J.A. at 253 (noting Weldon's apparent disrespect for the law, in conjunction with Weldon's new-found religious convictions)), *see* § 3553(a)(2)(A); just punishment, (J.A. at 253-54 ("Is a sentence of 210 to 262 months required for just punishment in this case? I'm not so sure it is.")), *see* § 3553(a)(2)(A); adequate deterrence, (J.A. at 253-54 ("The adequate deterrence in a career offender situation . . . will be a substantial sentence.")), *see* § 3553(a)(2)(B); and protecting the public, (J.A. at 253-54 (recounting that the district court needed to protect the public and explaining that Weldon has "shown a propensity to reoffend.")), *see* § 3553(a)(2)(C).

In sum, the district court considered the applicable, correctly calculated advisory Guidelines range, considered other pertinent § 3553(a) factors, and ultimately imposed a sentence that it found to be sufficient, but not greater than necessary, to comply with the purposes of

sentencing outlined in § 3553(a)(2). On this record, there is no basis to conclude that the district court's 188-month sentence – a substantial downward variance from the advisory Guidelines range – was unreasonably long. Accordingly, we affirm Weldon's sentence.

## V. CONCLUSION

For the reasons stated above, Weldon's conviction and sentence are **AFFIRMED**.