ALAN E. NORRIS, Circuit Judge,
dissenting.
The Majority reminds us that plain error is “an egregious error, one that leads to a miscarriage of justice.” Maj. Op. at 56 (quoting United States v. Busacca, 863 F.2d 433, 435 (6th Cir.1988)). In this case, I detect no error, let alone an egregious one. I therefore respectfully dissent.
As the Majority recognizes, district courts have received mixed messages with regard to precisely how much explanation is required when imposing a sentence. Obviously, meaningful appellate review for procedural and substantive reasonableness is impossible if the district court merely recites the factors outlined in 18 U.S.C. § 3553(a) without applying them to defendant’s arguments. However, “when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation.” Rita v. United States, 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). As the Court recognized, “[t]he appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances.” Id. In my view, the district court in this case gave sufficient explanation to satisfy us that it had considered defendant’s arguments and had a reasoned basis for the sentence imposed. Id.
At sentencing, the district court specifically acknowledged three of defendant’s six arguments: his current length of employment; that his robbery conviction occurred long ago; and the letters that his pastor and drug-treatment counselors had written on his behalf. Moreover, defense counsel reminded the court of the remaining three arguments at sentencing: this was defendant’s first drug trafficking conviction; he had participated in order to *59 obtain money for his cancer-stricken mother; and he had told the government everything he knew about the offense. The first two of these arguments are discussed in the pre-sentence report, and the district court explicitly noted that it had considered that document in arriving at its sentence. Also, as with all guidelines calculations, the defendant’s criminal history was an integral part of determining the guidelines range itself, so the fact that this was defendant’s first drug trafficking conviction was considered by the court. Although the pre-sentence report did not explicitly state that defendant had told the authorities everything, it recommended a downward adjustment to his base offense score of two levels for acceptance of responsibility. Finally, defendant received a sentence at the low end of the guidelines range: 90 months in a range of 87-108.
While the Majority relies upon United States v. Thomas, 498 F.3d 336 (6th Cir.2007), the sentencing hearing in that case differed markedly from the one we are reviewing. In Thomas, we concluded that the sentence the district court had imposed was proeedurally unreasonable because “[t]he record makes clear that the district court considered the applicable Guidelines range, but not much else.” Id. at 340. We also restated the rule of this circuit that “we will vacate a sentence if the context and the record do not make clear the court’s reasoning” for imposing the sentence it ultimately chose. Id. (quotations omitted). By contrast, as discussed above, the district court in the instant case explicitly considered far more material and acknowledged the arguments advanced by defendant.
For all these reasons, I would affirm defendant’s sentence.