NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0727n.06

No. 09-2622

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Oct 26, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| LIZARDO CHAVEZ-ARMAS, | ) | O P I N I O N |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: GIBBONS and SUTTON, Circuit Judges; ADAMS, District Judge.[*]

JOHN R. ADAMS, District Judge. Defendant Lizardo Chavez-Armas appeals from his sentence of 57 months imprisonment. We AFFIRM the district court's sentence.

I.

Defendant Lizardo Chavez-Armas is a Guatamalan citizen who came to the United States when he was six years old. He has a lengthy criminal history and has been deported from the United States three times: on October 4, 2000, August 27, 2007, and December 16, 2008. On April 29, 2009, Chavez-Armas attempted to illegally reenter the United States and was taken into custody. He pleaded guilty to an information charging him with unlawful reentry after deportation after conviction for an aggravated felony in violation of 8 U.S.C. § 1326.

---

[*]The Honorable John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

During his guilty plea colloquy, Chavez-Armas acknowledged his understanding that the district court would calculate the appropriate advisory sentencing guidelines, would consider the sentencing guidelines in imposing a sentence, could go above or below the sentencing guidelines, would consider all the factors in 18 U.S.C. § 3553(a)(2), and would make the final decision regarding the advisory guideline range and the ultimately-imposed sentence. Thereafter, Chavez-Armas and the government filed sentencing memoranda and Chavez-Armas replied to the government's sentencing memorandum.

During the sentencing hearing, Chavez-Armas relied on both his written and oral arguments when requesting that the court both vary and depart downward from the sentencing guidelines. Chavez-Armas argued that his criminal history was over-represented and that the guidelines did not consider the unique circumstances surrounding his motivation for reentering the United States. Specifically, Chavez-Armas highlighted that his re-entry was necessary in order to sign a birth certificate and bond with his newborn son. Chavez-Armas argued that he intended only to stay in the United States for a month.

After hearing argument from both the government and Chavez-Armas, the district court sentenced Chavez-Armas to 57 months imprisonment, the bottom of the calculated advisory guideline range. Chavez-Armas now appeals his sentence.

II.

Under *United States v. Bostic*, the sentencing judge must ask the parties whether either has any objections to the sentence that have not already been raised. 371 F.3d 865, 872 (6th Cir. 2004). Here, the district court did not specifically make the *Bostic* inquiry. During the proceeding, however,

Chavez-Armas objected to the sentencing procedure based upon the court's failure to address his arguments. Therefore, this Court reviews the district court's sentencing determination under a deferential abuse-of-discretion standard for reasonableness. *Gall v. United States*, 552 U.S. 38, 46 (2007); *United States v. Thomas*, 498 F.3d 336, 339 (6th Cir. 2007).

We "first ensure that the district court committed no significant procedural error, such as ... failing to consider the § 3553(a) factors ... or failing to adequately explain the chosen sentence[.]" *Gall*, 552 U.S. at 51. With respect to this latter issue, the Supreme Court in *Rita v. United States*, 551 U.S. 338, 356 (2007), made clear that a district court should exercise its discretion in determining how much explanation is necessary and that "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." A district judge, therefore, need only "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority." *Id.*

## III.

On appeal, Chavez-Armas argues that his 57 month sentence for unlawful reentry was procedurally unreasonable because the district court did not specifically address and reject four of his arguments for a downward variance. Chavez-Armas argues that:

> 1. The district court failed to adequately address defendant's argument that in this particular case the advisory Guideline range under §2L1.2 was greater than necessary to achieve §3553(a)'s purposes and grossly over-represented Mr.Chavez-Armas's history and offense conduct.

> 2. The district court did not address the unique circumstances of the offense conduct or the defendant's motives for returning to the United States.

3. The district court did not address the defendant's cultural assimilation argument for a downward variance.

4. The district court never acknowledged defendant's non-frivolous argument that a variance should be granted to account for the more severe treatment Chavez would endure in the Department of Corrections as compared with a citizen inmate.

Chavez-Armas raised the first two arguments above during the sentencing hearing itself. The second two arguments were raised in his sentencing memorandum.

In *Rita*, the Supreme Court explained that a sentencing judge's statement of reasons for a particular sentence must demonstrate that he has considered the arguments and that he has a reasonable basis in executing his decision making authority. *Rita*, 551 U.S. at 356. The district court, however, is not required to specifically state that it considered and rejected each of Chavez-Armas's arguments for a downward variance or departure. *Id.*; *United States v. Berry*, 565 F.3d 332, 340-41 (6th Cir. 2009).

There is no question that the district court demonstrated its knowledge of the § 3553(a) factors. The district court explicitly stated that it had considered those factors when imposing the sentence. Specifically, the court stated:

> "I have of course reviewed the file, the presentence report. I have considered at some length the always persuasive arguments made by your lawyer, Miss Beardslee. And having done that, and paid particular attention to 3553(a), I find that the facts set out in the presentence report and used in the calculation of the offense level and the criminal history category are accurate and that the calculation itself of the sentencing guideline range is accurate, which as the parties know produces a total offense level 21 and a criminal history category of IV and a guideline range of 57 to 71 months."

Additionally, the court stated it had reviewed and considered numerous letters written on behalf of Chavez-Armas, including having a letter written in Spanish by Chavez-Armas's mother translated

in order to take it into consideration. Finally, the court stated that it had read Chavez-Armas's sentencing memorandum and reply.

As the record makes clear that the district court reviewed and considered the presentence report, sentencing memoranda and reply, arguments by counsel, and letters from Chavez-Armas's friends and family when determining his sentence, the court met its burden of showing that it had considered the parties arguments and had a "reasoned basis" for the sentence imposed. *See Rita*, 551 U.S. at 356.

There is little doubt that the district court could have given a lengthier explanation on the record for the sentence imposed. Instead, the lower court chose to adopt the facts set forth in the presentence report and utilized them to calculate the offense level. Chavez-Armas was well aware of these facts and calculations, and he in fact raised no objection to them. The district court then went on to note consideration of all of counsel's arguments before imposing sentence. It is true that each argument was not specifically expressed and rejected, but as noted above, the district court has no such obligation. Accordingly, this Court finds that the sentence imposed was procedurally reasonable.

IV.

For the foregoing reasons, we AFFIRM.