IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 26, 2008

Charles R. Fulbruge III
Clerk

No. 05-21048

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE ROBERTO LAVERDE-GUTIERREZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-446-4

Before JONES, Chief Judge, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jose Roberto Laverde-Gutierrez ("Laverde") pled guilty to (1) conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(a), and 846; (2) aiding and abetting the possession with the intent to distribute five kilograms or more of cocaine in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(a); and (3) possession of a firearm in furtherance of a drug-trafficking offense in violation of 18 U.S.C. §§ 924(c)(1)(A), (A)(I). On appeal, Laverde challenges his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction on the firearm offense on the ground that the district court erred by accepting Laverde's guilty plea to the firearm offense when he did not admit to facts sufficient to establish that offense. He challenges his sentence on the grounds that: (2) the district court clearly erred in denying him a sentencing adjustment for a minor role; and (3) his sentence was unreasonable. For the following reasons, we AFFIRM the district court's judgment.

I.     FACTUAL AND PROCEDURAL HISTORY

In August 2004, Carlos Becerra and Fernando Garcia-Lozano provided a confidential informant ("CI") with money and instructed him to rent an apartment in Houston, Texas, that would be used to store cocaine. Becerra told the CI that a Santeria priest, Laverde, would be staying with them at the apartment to "protect" the shipment of cocaine. The CI and Laverde began sleeping at the apartment on September 1, 2004. On September 3, 2004, Becerra and Laverde arrived at the apartment with the cocaine. After a raid by government agents, 308 kilograms of cocaine were recovered in a closet in the rear bedroom of the apartment. Agents also recovered a loaded Glock pistol inside the apartment on the floor of the living room/kitchen area. Two additional firearms were found in a shoulder bag on the living room floor of the apartment. According to the CI, Laverde told him that Becerra had given him a gun. Laverde was arrested outside, approximately fifty feet away from the apartment.

Laverde pled guilty but objected to the presentence report, arguing that he should have been given an adjustment for a minor role because he was substantially less culpable than the other participants. Laverde also objected to the CI's statement that Becerra had given him the firearm, explaining that he had purchased the Glock himself a number of years earlier in Florida. The district court overruled the objections by Laverde and sentenced him to 168 months of imprisonment on the controlled-substance counts, to run consecutively

to a sixty-month term of imprisonment on the firearm count. The court also sentenced Laverde to five years of supervised release. Laverde timely appealed.

II.    DISCUSSION

A.    Rule 11 Error

Under Federal Rule of Criminal Procedure 11, Laverde argues that his admitted conduct did not constitute a sufficient factual basis for finding that he knowingly possessed a firearm in furtherance of a drug trafficking offense, as defined by 18 U.S.C. § 924(c)(1)(A). Pursuant to Rule 11(b)(3), "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Laverde asserts that because he never admitted to the conduct required for a conviction under this statute, the district court erred in accepting his guilty plea. See United States v. Marek, 238 F.3d 310, 315 (5th Cir. 2001) (en banc) (holding that Rule 11 requires that the factual basis for the guilty plea on which the district court makes such a determination consists of the defendant's admitted conduct). Significantly, Laverde does not argue that he would not have pled guilty to the firearm offense without the district court's alleged error.

The Government contends that the district court committed no error, plain or otherwise, in accepting Laverde's guilty plea. The Government argues that under Rule 11(b)(3) a district court may satisfy the factual basis requirement with any information that appears in the record including the Government's proffer. See United States v. Musa, 946 F.2d 1297, 1302 (7th Cir. 1991) (holding that "[a] judge may find the factual basis from anything that appears on the record,[] which includes the government's proffer."). Thus, according to the Government, because its proffer included evidence that could reasonably be construed as a factual basis for accepting Laverde's guilty plea, the district court did not err in accepting the plea. The Government asserts that the court may look to the entire record to determine whether there were sufficient facts to establish the offense to which Laverde pled guilty.

Where, as here, a defendant does not object to the Rule 11 proceedings before the district court, this court's review is for plain error. United States v. Castro-Trevino, 464 F.3d 536, 541 (5th Cir. 2006). Under plain error review, Laverde must show that (1) there is an error; (2) the error is clear and obvious; and (3) the error affects his substantial rights. Id. Laverde must show a reasonable probability that, but for the alleged Rule 11 error, he would not have entered the guilty plea. Id. at 544; United States v. Molina, 469 F.3d 408, 412 (5th Cir. 2006); see also United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).[1]

Having reviewed the full record, we are satisfied that this case is controlled by the Supreme Court's instruction in Dominguez Benitez and this court's precedent. We are aware of the distinction–Castro-Trevino and Molina both featured concessions of error by the Government, and there is no such concession here. See Castro-Trevino, 464 F.3d at 541; Molina, 469 F.3d at 412. However, even assuming arguendo that the district court plainly erred by failing to elicit Laverde's express, personal admission of facts sufficient to establish the crime of possessing a firearm in furtherance of a felony, he has not established prejudice. Laverde did not try to withdraw his guilty plea at any time below and does not do so on appeal. Although he requests that his "guilty plea should be set aside [and] the case remanded to the district court for further proceedings," he does not request the opportunity to go to trial or direct this court to any portion of the record demonstrating that his plea decision was affected by the

---

[1] We recognize that this final requirement has not been stated consistently in some of our Rule 11 plain error standard cases. Compare Castro-Trevino, 464 F.3d at 544; Molina, 469 F.3d at 412; with United States v. Palmer, 456 F.3d 484, 491 (5th Cir. 2006) (applying plain error review of Rule 11 violation without reference to the required "but for" showing or to Dominguez Benitez). However, the Supreme Court's instruction is clear–a defendant must establish that there is a reasonable probability that he would not have entered the guilty plea if the district court had not committed the Rule 11 violation. Dominguez Benitez, 542 U.S. at 83.

alleged error–that he did not personally admit to facts sufficient to establish the offense. See Molina, 469 F.3d at 412. Laverde fails to demonstrate a reasonable probability that he would not have pled guilty to the firearm offense if the trial court had solicited his admission of additional facts sufficient to support his plea. Therefore, we affirm his conviction on the firearm offense.

B.      Offense Level Adjustment for Minor Participation

Laverde argues that the district court erred by denying him a two-level minor role adjustment under U.S.S.G. § 3B1.2. He contends that he was substantially less culpable than the other participants because he was not directly involved in importing the 308 kilograms of cocaine into the United States. The district court's determination is a factual finding reviewed for clear error. United States v. Miranda, 248 F.3d 434, 446 (5th Cir. 2001).

Pursuant to U.S.S.G. § 3B1.2(b), a district court may reduce a defendant's offense level by two levels if the defendant was a minor participant in the offense. This adjustment applies to a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." § 3B1.2, comment (n.5). This adjustment is intended to be used infrequently because many offenses are committed by actors of roughly equal culpability. United States v. Gallardo-Trapero, 185 F.3d 307, 324 (5th Cir. 1999); § 3B1.2, comment (n.4).

Citing United States v. Rojas-Millan, 234 F.3d 464, 473 (9th Cir. 2000), Laverde argues that his level of participation should be judged against the other participants in the offense rather than the "hypothetical average participant." He notes that the Government informed the district court, both at the rearraignment and at sentencing, that he was the least culpable of the participants. We have previously held that "[a] minor participant adjustment is not appropriate simply because a defendant does less than other participants." Miranda, 248 F.3d at 446; also Burton v. United States, 237 F.3d 490, 504 (5th

Cir. 2000) (noting that this court does not adhere to the Ninth Circuit's requirement of a comparison between the defendant's role and that of the other participants). The focus of this court's inquiry with respect to whether a defendant qualifies for a minor role adjustment is whether the defendant's conduct was peripheral to the advancement of the illicit activity. Miranda, 248 F.3d at 446-47. The evidence supports the district court's conclusion that Laverde was not a minor participant. Laverde helped in both the transportation and unloading of the cocaine, and he assisted in guarding the cocaine. His conduct was thus not peripheral to the advancement of the conspiracy, and we find that the district court did not clearly err in finding that Laverde was not eligible for an offense level adjustment under U.S.S.G. § 3B1.2(b).

C.      Consideration of Mitigating Evidence

In his final point of error, Laverde contends that his sentence was unreasonable because the district court did not demonstrate on the record that it had considered his arguments in mitigation of his sentence. Relying on Sixth Circuit precedent, Laverde argues that although he failed to raise this argument before the district court, the argument is considered preserved for appellate review because the district court did not clearly ask whether he had any objections to the sentence. See United States v. Thomas, 498 F.3d 336, 340 (6th Cir. 2007). We have not adopted such a rule. The district court's reasons were sufficient in this case. See United States v. Rodriguez, 523 F.3d 519, 525 (5th Cir. 2008) (declining to decide whether plain error or abuse of discretion was appropriate standard of review where defendant argued for the first time on appeal that the district court inadequately explained its reasoning for the challenged sentence).

Under the now discretionary guidelines scheme, a sentencing court has a duty to consider the factors of 18 U.S.C. § 3553(a) and to correctly determine the applicable Guidelines range. United States v. Gall, 128 S. Ct. 586, 596 (2007);

Rodriguez, 523 F.3d at 525. Further, where the record makes clear that the district court listened to and considered a defendant's arguments and evidence regarding the § 3553(a) factors, but found the circumstances insufficient to warrant a lower sentence, the district court's reasons for rejecting the defendant's § 3553(a) arguments are generally legally sufficient, even if they are brief. See Rodriguez, 523 F.3d at 525 (discussing the Supreme Court's analysis of the district court sentencing at issue in Rita v. United States, 127 S. Ct. 2456, 2468-69 (2007)). Finally, "a sentence within a properly calculated Guideline range is presumptively reasonable." United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); see also Rita, 127 S. Ct. at 2462.

Laverde argues that the district court pronounced his sentence without responding to the following mitigating factors: (1) a Guidelines sentence would result in a disparity among similarly situated defendants; (2) he had never been involved in any criminal activity in the past; and (3) he was a good and spiritual person. A review of the record reveals that this is not the case. The district court noted that Laverde was before the court on his first criminal conviction. The court also addressed the level of Laverde's culpability, noting that Laverde was a trusted member of the conspiracy and that his role was to "protect and watch" over the cocaine. The district judge explained that she believed a sentence at the low end of the Guidelines range was appropriate in this case, and that the sixty-month sentence on the firearm count was a statutory requirement. Laverde has failed to demonstrate that the district court's sentencing determination was unreasonable.

III. CONCLUSION

Because Laverde has not shown a reasonable probability that, but for the alleged Rule 11 violation by the district court, he would not have pled guilty to possession of a firearm in furtherance of a drug-trafficking offense, his conviction

under § 924(c)(1)(A) offense is AFFIRMED. We further AFFIRM the district court's judgment in all other respects.