**NOT RECOMMENDED FOR FULL TEXT PUBLICATION**
File Name: 09a0572n.06

No. 07-2197

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

**Aug 19, 2009**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee, )
)
) ON APPEAL FROM THE UNITED STATES
v. ) DISTRICT COURT FOR THE WESTERN
) DISTRICT OF MICHIGAN
)
TRORY QUANTE HERROD, )
) **O P I N I O N**
    Defendant-Appellant. )
)

Before: CLAY and SUTTON, Circuit Judges; THAPAR, District Judge.[*]

**THAPAR, District Judge.** Trory Herrod pled guilty to possession with intent to distribute a controlled substance, and the district court sentenced him to a term of 188 months in prison. On appeal, Herrod claims that the sentence was procedurally and substantively unreasonable. Specifically, he argues that the district court should be reversed because it: (1) did not understand that it had discretion to depart downward from the advisory guideline range; (2) did not consider his argument for a lesser sentence; and (3) gave too much weight to the advisory guidelines when considering the sentencing factors under 18 U.S.C. § 3553(a). For the reasons set forth below, we **AFFIRM** the sentence imposed by the district court.

---

[*]The Honorable Amul R. Thapar, United States District Judge for the Eastern District of Kentucky, sitting by designation.

## Background

On December 20, 2006, a federal grand jury indicted Trory Herrod ("defendant") for possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B)(iii). The grand jury also indicted the defendant for being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1). On March 27, 2007, the defendant pled guilty to the possession with intent to distribute charge. The United States agreed to drop the felon in possession charge.

The presentence investigation report ("PSR") classified the defendant as a career offender under U.S.S.G. § 4B1.1 because he had two prior felony convictions involving controlled substances. Under § 4B1.1, classification as a career offender carries a mandatory criminal history category designation of VI and also raises the base offense level to 34 for a conviction under 21 U.S.C. § 841(b)(1)(B)(iii). After accounting for the defendant's acceptance of responsibility, the defendant finished with a base offense level of 31 and criminal history category of VI resulting in a sentencing range of 188 to 235 months.

On September 10, 2007, the district court held a sentencing hearing and reviewed the advisory guideline range in the PSR. The defendant did not object to the calculation in the PSR. Next, the district court asked counsel for the United States and the defendant "what sentencing considerations pertinent to 3553(a) should affect the sentence." The United States deferred to the sentencing guideline recommendation in the PSR. With respect to the career offender status, defense counsel asked the district court to consider that the defendant's prior two convictions concerned "small quantities of cocaine." Although defense counsel never specifically asked for a departure

2

under U.S.S.G. § 4A1.3 or a variance, defense counsel did ask the district court to "exercise the discretion that the court has" with respect to the career offender status.

After defense counsel rested, the district judge addressed the parties. Noting that the district court is not bound to adhere to the guidelines under *Booker v. Washington*, 543 U.S. 220 (2005), the district judge stated:

> The second thing that Booker talked about was that the Court should pay a special attention to 18 U.S.C. [§] 3553(a), which discusses the things that happen during a sentencing. And because the Court did not say which is more important, I take them as both being important, and I give equal weight to both.

After adopting the PSR's guidelines calculation, the district court considered whether any of the departures provided for in the guidelines applied in the case, stating:

> The second step or the next step is whether a departure is warranted under any guideline section which permit nonspecific departures for exceptional circumstances. Those sections include 5K2.0, 4A1.3 and other sections. These kind[s] of adjustments allow for nonspecific departures for exceptional circumstances in certain cases that are generally referred to as Koon departures after the Supreme Court case of the same name.

> For the record, I have determined that the circumstances of this case are not so exceptional as to form the factual basis for any such departure.

The district court then considered the factors required by 18 U.S.C. § 3553(a). After reciting these factors, the district judge stated:

> [Defense counsel] addressed himself to the convictions of this defendant and the scores that results in, especially the Roman Numeral VI Criminal History. He arrives at that probably the same way I did. He has been arrested 50 times, or more than 50 times, resulting in three felony convictions and 40 misdemeanor convictions. The amazing thing about what I've just said is the defendant is 30 years old, and the longest term he has spent in jail is six months.

Further, the district judge stated, "it's a strange case in that [Herrod] has so many arrests over such a s[h]ort period of time, 30 years or less, and more so than anybody else I've seen in this

3

courtroom." Counsel for the defendant and the United States never addressed any of the comments the district judge made concerning the defendant's criminal history.

The district court sentenced Herrod to 188 months in prison and acknowledged that the sentence was at the low end of the guidelines range. After informing the defendant of his right to appeal the sentence, the district judge asked, "[a]nything else?" After the United States moved to dismiss the felon in possession charge, defense counsel stated, "[n]othing further, your honor."

## Analysis

On appeal, there are two issues: (1) whether the defendant's sentence is procedurally reasonable; and (2) whether it is substantively reasonable.

### 1. Procedural Reasonableness

In considering procedural reasonableness, this court considers whether the district court committed a "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 128 S. Ct. 586, 597 (2007).[1] No such error has been committed here.

### A. The District Court's Awareness of its Discretion to Depart

As an initial matter, the district court is bound to calculate the guidelines range but is not bound to follow the guidelines range after *Booker*. *United States v. Bolds*, 511 F.3d 568, 579 (6th Cir. 2007). The defendant's main argument as to procedural unreasonableness is that the district court

[1]Because the district court failed to conduct the post-sentencing inquiry required under *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004), Herrod's claims are not subject to plain-error review.

4

failed to recognize that it had the discretion to depart from the sentencing guideline range. This court reviews *de novo* whether the district court understood it had discretion to depart. *United States v. Smith*, 278 F.3d 605, 609 (6th Cir. 2002) (citing *Koon v. United States*, 518 U.S. 81, 100 (1996); *United States v. Ebolum*, 72 F.3d 35, 37 (6th Cir. 1995) (citations omitted)); *see also United States v. McBride*, 434 F.3d 470, 477 (6th Cir. 2006). If the district court did in fact understand its discretion to depart, this court does not review its choice not to depart. *United States v. Puckett*, 422 F.3d 340, 345 (6th Cir. 2005) (citing *United States v. Stewart*, 306 F.3d 295, 329 (6th Cir. 2002)).

In this case, the defendant did not challenge his status as a career offender pursuant to U.S.S.G. § 4B1.1. Instead, the defendant stated at the sentencing hearing that the district court should consider the nature of his prior convictions—both were for selling less than $30 worth of cocaine—in departing from the sentencing guideline range. The defendant did not cite a specific section of the sentencing guidelines or specifically ask for a variance in making this argument.

The district judge appeared to understand that the defendant was making an argument under § 4A1.3 of the guidelines. § 4A1.3(b)(1) provides that a district court may depart if "reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." Indeed, the district judge specifically stated at the hearing that he considered his discretion to depart and even specifically mentioned his right to depart under § 4A1.3; something he was not required to do. *See United States v. Lucas*, 357 F.3d 599, 609-10 (6th Cir. 2004) ("the district court need not explicitly state that it is aware of its discretionary authority to depart downward, since there is 'no duty on the trial judge to state affirmatively that he knows he possesses the power to make a downward departure, but declines to do so.'" (quoting *United States v. Byrd*, 53 F.3d 144, 145 (6th

5

Cir. 1995))). Since the district court understood it had the discretion to depart, our review is complete. *See Puckett*, 422 F.3d at 345 (citing *Stewart*, 306 F.3d at 329).

**B.**     **The District Court's Consideration of the Defendant's Argument Regarding his Prior Convictions**

The defendant argued that the district court should discount his career offender status because the two underlying convictions involved a "small" amount of drugs. He claims on appeal that the district court failed to address his argument. He is wrong.

As a preliminary matter, "[w]here a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it." *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2007). In this case, the district court did just that. In considering whether the defendant was truly a career offender, the district court remarked that the defendant had "more [arrests] than anybody else I've seen in this courtroom." The defendant's three felony convictions and 40 misdemeanor convictions—all before the defendant turned 30 years old—clearly support the statement made by the district judge. Based on this record, the defendant has truly made a "career" of offending. Moreover, in light of the defendant's record, the district court's decision not to vary was entirely reasonable. While district courts should consider the entirety of a person's life work–be it criminal or otherwise–there is no requirement that a district court always address the criminal history of a defendant on the narrow grounds the defendant requests.

This court's recent decision in *United States v. Gapinski*, 561 F.3d 467 (6th Cir. 2009), supports the district court's decision. In *Gapinski*, the defendant appealed the decision of the district court denying his request for a departure or variance during sentencing on five different grounds,

6

including the failure to depart downward based on the seriousness of his criminal history. *Id*. at 474. While this court remanded the case on other grounds, it did not remand on Gapinski's claim based on his criminal history because even though the "the district court did not refer expressly to Gapinski's arguments on this point, the court was aware that Gapinski had a criminal history category of VI and discussed Gapinski's prior convictions at length before concluding that Gapinski had shown a 'long-term pattern, uninterrupted, of criminal conduct.'" *Id.* (citations omitted).

Here, the district court was clearly aware of the defendant's history, considered it, and decided that it supported the sentence recommended by the guidelines. It did not need to do any more.

## 2. Substantive Reasonableness

If the procedure used in determining the sentence was reasonable, this court reviews the substantive reasonableness of the sentence under an abuse of discretion standard. *Gall*, 128 S. Ct. at 597. "A sentence may be considered substantively unreasonable when the district court 'select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor.'" *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006) (quoting *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005) (modifications in original)). The district court did not commit any of these errors in this case.

The defendant argues that the district court placed too much weight on the sentencing guidelines in consideration of the § 3553 factors. At the hearing the district court stated that it gave "equal weight" to the sentencing guidelines and the other § 3553 factors. More importantly, it considered all of the § 3553(a) factors. "Section 3553(a) requires the district court to 'consider' seven factors and it is the district court's task to *balance* those factors when imposing a sentence." *United*

*States v. Blackie*, 548 F.3d 395, 400 (6th Cir. 2008) (emphasis added) (citing *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006)); *see also United States v. Arias-Arrazola*, 254 F.App'x 500, 503 (6th Cir. 2007) (holding that § 3553(a) "says that the factors must all be considered, not that they must be considered with equal weight.").

After considering and balancing all the factors, the district judge sentenced the defendant to 188 months, which was at the bottom of the recommended guidelines range of 188 to 235 months. Sentences that fall within the guideline range are presumptively reasonable. *See Madden*, 515 F.3d at 609 (citing *United States v. Heriot*, 496 F.3d 601, 608 (6th Cir. 2007)). The defendant has failed to rebut the presumption. *See United States v. Kavo*, 230 F.App'x 554, 559 (6th Cir. 2007). Thus, the defendant's sentence is substantively reasonable.

## Conclusion

For the foregoing reasons, we **AFFIRM**.

**CLAY, Circuit Judge, concurring.** During the sentencing hearing, defense counsel argued that the district court should not sentence Defendant, Trory Herrod ("Herrod"), as a career offender because Herrod's prior qualifying convictions involved only small amounts of drugs. In pronouncing sentence, the district court discussed Herrod's extensive criminal history and identified a number of factors that supported sentencing Herrod as a career offender. Although discussing at length the general issue underlying Herrod's argument, the court did not explicitly address whether the amount of drugs involved in Herrod's prior arrests affected its decision. On appeal, Herrod claims that the district court committed procedural error by failing to explicitly discuss this particular aspect of his argument.[1]

The majority rejects Herrod's claim, concluding that the sentence imposed by the district court was procedurally reasonable. While I agree with the majority's conclusion that the district court's sentencing pronouncement was sufficient, I write separately on this particular issue to emphasize that sentencing judges are responsible for providing an adequate record for appeal. Our case law imposes this obligation on district courts for reasons of fairness and practicality. From every perspective, it is preferable for district courts to explicitly address every nonfrivolous argument raised by a defendant. Expressly articulating the grounds for rejecting the particular claims raised by a defendant, at least with respect to a defendant's nonfrivolous arguments, promotes several critical goals: (1) it provides the defendant with a clear understanding of the basis for his or her sentence; (2) it allows

---

[1]As the majority notes, although Herrod failed to raise this claim before the district court in a post-sentencing objection, his procedural claim on appeal is not forfeit and thus not subject to plain-error review because the district court failed to comply with the procedural rule we established in *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004). *See United States v. Thomas*, 498 F.3d 336, 340 (6th Cir. 2007).

the public to understand the rationale underlying the chosen sentence; and (3) it helps this Court avoid the difficulties of parsing the sentencing transcript when determining whether the district court in fact considered the defendant's arguments. In fact, if district courts fully complied with this obligation, many frivolous appeals and clarification remands could be avoided.

## I.

During Herrod's sentencing hearing, defense counsel urged the district court not to sentence Herrod as a career offender because his prior convictions involved only small amounts of drugs. Because Herrod's drug-quantity argument was nonfrivolous, our case law dictates that the district court was required not only to consider the argument but also to "adequately explain" its reasons for rejecting it. *See United States v. Bolds*, 511 F.3d 568, 580 (6th Cir. 2007) ("[O]ur final task is to ensure that the district court has 'adequately explain[ed] the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.'" (quoting *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 597 (2007))); *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006) (explaining that, where "a defendant's argument and supporting evidence presents an arguably meritorious claim for a lesser sentence, but there is little to suggest that the district court actually considered it, then remand may be appropriate"). Even though the district court need not "recite" all of the factors set forth in § 3553(a) in announcing a defendant's sentence, it nonetheless "must articulate its reasoning in deciding to impose a sentence in order to allow for reasonable appellate review." *United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005).

In defining what constitutes an adequate explanation, however, this Court sometimes has reached seemingly inconsistent conclusions that turn heavily on the specific factual circumstances of a given case. For instance, at times we have held that "a sentencing judge is not required to explicitly

address every mitigating argument that a defendant makes," *United States v. Madden*, 515 F.3d 601, 611 (6th Cir. 2008), while proclaiming on other occasions that, "when the judge makes only a 'conclusory reference' to the § 3553(a) factors and does not address the defendant's arguments regarding application of those factors, then this court will find the sentence unreasonable," *United States v. Klups*, 514 F.3d 532, 537 (6th Cir. 2008) (quoting *Thomas*, 498 F.3d at 340-41).

The better practice, obviously, is to require sentencing courts to explicitly address every nonfrivolous argument raised by the defendant. Such an approach is more consistent with our overarching concern with encouraging clarity in the sentencing record. *See Bostic*, 371 F.3d at 873 n.6 (adopting a new procedural rule to offset the inherent "difficulty of parsing a [sentencing] transcript"); *United States v. Herrera-Zuniga*, 571 F.3d 568, 580 (6th Cir. 2009) (explaining that we adopted the *Bostic* procedure "to help create a more reliable record for appeals, which we believed would help 'guid[e] appellate review'" (quoting *Bostic*, 371 F.3d at 873)); *United States v. Johnson*, 553 F.3d 990, 996 n.1 (6th Cir. 2009) (vacating defendant's sentence on the ground that, "on the record before us, we have no way of ascertaining whether the district judge would have imposed the same sentence if he had known of his discretion to vary categorically from the crack-cocaine Guidelines based on a policy disagreement"); *United States v. Grams*, 566 F.3d 683, 686 n.1 (6th Cir. 2009) (per curiam) (stating that "the district court should still have stated in open court whether it adopted in part or full the sentencing range and factual findings suggested by the probation office" because "greater clarity in open court would have aided our appellate review"); *United States v. Blackie*, 548 F.3d 395, 401-03 (6th Cir. 2008) (explaining that our procedural requirements regarding the district court's sentencing pronouncement are "more than mere administrative burdens or meaningless formalities, but rather assure that . . . adequate explanation is provided to allow for

meaningful appellate review and the perception of a fair sentence"); *United States v. Jackson*, 408 F.3d 301, 305 (6th Cir. 2005) (explaining that the sentencing court's failure to provide an adequate explanation of its reasons for imposing a chosen sentence "renders our reasonableness review impossible").

This Court's concern for encouraging clarity in the record is predicated on and serves to promote several important interests. Most importantly, requiring district courts to provide a clear explanation of the basis for its chosen sentence is the only way to ensure that the district court did not commit procedural error by, for example, failing to conduct the requisite individualized assessment of the factors set forth in 18 U.S.C. § 3553(a). *See Jackson*, 408 F.3d at 305. Specifically addressing all nonfrivolous arguments also helps this Court determine whether the sentencing court in fact considered all of the arguments raised by the parties. *See United States v. Lalonde*, 509 F.3d 750, 769-70 (6th Cir. 2007). An explicit discussion of all nonfrivolous arguments also would help eliminate many frivolous appeals and would avoid many clarification remands, both of which have become a tremendous waste of judicial resources. And finally, providing a clear statement of reasons also "enable[s] the public to learn why [a] defendant received a particular sentence." *United States v. Molina*, 356 F.3d 269, 277 (2d Cir. 2004).

Although the district court is not required to explicitly recount every aspect of its thought process, the Supreme Court has made clear that the sentencing court must, *at the very least*, "set forth enough [of a statement of reasons] to satisfy the appellate court that he has considered the parties' arguments *and* has a reasoned basis for exercising his own legal decision making authority." *United States v. Rita*, 551 U.S. 338, 356 (2007). Building on the Supreme Court's decision in *Rita*, our decisions in this area demand that, in evaluating whether a sentence is procedurally reasonable, we

"review the sentencing transcript to ensure . . . that the sentencing judge adequately considered the relevant § 3553(a) factors *and clearly stated* [on the record] his reasons for imposing the chosen sentence." *United States v. Liou*, 491 F.3d 334, 339 (6th Cir. 2007) (emphasis added); *United States v. Bolds*, 511 F.3d 568, 580 (6th Cir. 2007) (explaining that the district court must "provide a *clear explanation* [on the record] of why it has either accepted or rejected the parties' arguments and thereby chose the particular sentence imposed, regardless of whether it is within or outside of the Guidelines" (emphasis added)).

In other words, it is not enough that the district court *consider* the parties' nonfrivolous arguments, it also must *explain on the record* its reasons for accepting or rejecting such arguments. Requiring district courts to articulate their reasoning on the record is critical, otherwise the transcript would be devoid of any evidence that the district court in fact considered the parties' arguments, let alone ruled on those issues. Absent such a public statement, this Court would be forced to make inferences and guess at what arguments and sentencing factors the district court actually considered when determining a defendant's sentence, something we repeatedly have expressed disdain for doing. *See United States v. Vonner*, 511 F.3d 568, 580 (6th Cir. 2007) (en banc) (acknowledging the deference we owe to the district court in this context, but holding that the sentencing judge nonetheless "must explain his reasons for selecting the sentence imposed" and that "the record must contain the district court's rationale for concluding that the sentence imposed is 'sufficient but not greater than necessary, to comply with the purposes' of sentencing set forth in 18 U.S.C. § 3553(a)"); *United States v. Jones*, 489 F.3d 243, 251 (6th Cir. 2007) ("[W]hen 'a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it.'" (quoting *United*

13

*States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006))). This obligation also follows from the fact that the Federal Rules of Criminal Procedure require the district court to rule on all disputed matters in pronouncing sentence, *see* Fed. R. Crim. P. 32(i)(3)(B), as well as the statutory requirement that the court, "at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence," 18 U.S.C. § 3553(c).

Admittedly, this Court at times has permitted a sentence to stand where "[n]o one would call [the district court's] explanation ideal." *Vonner*, 516 F.3d at 386. Such leniency, however, is rare and generally is limited to those cases where our review is limited by the plain-error standard. *See, e.g.*, *id.* In any event, we must not allow such leniency to become the norm because "[c]riminal sentencing is a serious business, and we should encourage district court judges to adopt sentencing practices that resolve potential sentencing disputes at the hearing, not on appeal." *Id.* at 391. Thankfully, we have not. In fact, other than a few, limited instances, this Court has insisted that the district court provide a clear explanation of the grounds supporting its chosen sentence. Under this controlling rule, a vague sentencing explanation must be deemed procedurally unreasonable because it raises serious questions about whether the court misunderstood its authority, failed to conduct the requisite review of the § 3553(a) factors, or failed to consider a defendant's argument.

For all of these reasons, it is clear that the better practice—and the one required by our case law—is for the district court to explicitly address all of the nonfrivolous arguments that a defendant raises in support of a lower sentence. Absent an express statement of the court's reasoning, we are confronted with the unenviable task of "parsing a [sentencing] transcript" to infer whether the court in fact fulfilled its obligations in this regard. *Bostic*, 371 F.3d at 873 n.6. Although the sentencing court certainly is not required to address the minutiae of every argument raised by a defendant, neither

14

is it adequate for the court to state vaguely that it has considered the defendant's "criminal history"—something more is required. *See United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006) (where "a defendant's argument and supporting evidence presents an arguably meritorious claim for a lesser sentence, but there is little to suggest that the district court actually considered it, then remand may be appropriate"). Fundamentally, procedural reasonableness requires an "articulation of the reasons the district court reached the sentence ultimately imposed." *Jackson*, 408 F.3d at 305. Accordingly, the record must reflect, at a minimum, not only that the court considered the issue, but also *why* the court rejected the argument. As we explained in *United States v. Richardson*:

> We emphasize the obligation of the district court in each case to communicate clearly its rationale for imposing the specific sentence. Where a defendant raises a *particular argument* in seeking a lower sentence, the record *must reflect* both that the district judge considered the defendant's argument and that the judge *explained the basis for rejecting it*. This assures not only that the defendant can understand the basis for the particular sentence but also that the reviewing court can intelligently determine whether the specific sentence is indeed reasonable.

437 F.3d at 554 (emphasis added). Thus, while there is no requirement that the district court "engage in a 'ritualistic incantation to establish consideration of a legal issue'" or that the court "make specific findings relating to each of the factors considered," the sentencing court certainly "must articulate at least enough of its reasoning to permit an informed appellate review." *United States v. McClellan*, 164 F.3d 308, 310 (6th Cir. 1999) (quoting *United States v. Washington*, 147 F.3d 490, 491 (6th Cir. 1998)).

Although the district court has some discretion in determining how much of an explanation is required, our case law makes clear that simply ignoring a defendant's central and unequivocally nonfrivolous argument is procedurally unreasonable. A district court is not permitted to reject a defendant's arguments *sub silentio*. *See United States v. Penson*, 526 F.3d 331, 338 (6th Cir. 2008)

15

("[T]he district court provided virtually no explanation giving insight into the reasons for the specific sentence given."); *Bolds*, 511 F.3d at 580 ("The district court must provide a clear explanation of why it has either accepted or rejected the parties' arguments and thereby chosen the particular sentence imposed, regardless of whether it is within or outside of the Guidelines.");*Thomas*, 498 F.3d at 340 (vacating sentence as procedurally unreasonable because "[t]he record ma[de] clear that the district court considered the applicable Guidelines range, but not much else"); *United States v. Houston*, 529 F.3d 743, 759-60 (6th Cir. 2008) (Clay, J., dissenting) ("In short, well-established precedent requires reversal where the sentencing court fails to explain to the defendant, and this Court, how it arrived at its sentencing determination, including how it considered defense arguments and the § 3553(a) factors.").

## II.

Because the district court went to great lengths to explain its reasons for sentencing Herrod as a career offender, I agree with the majority's conclusion that the district court provided an adequate explanation for rejecting Herrod's drug-quantity argument and imposing the chosen sentence. On this record, we can be satisfied that the court considered the substance of Herrod's argument that he should not be sentenced as a career offender and disagreed that the small amount of drugs involved in Herrod's two prior offenses was the most salient factor in determining whether the career-offender enhancement should be applied.

In pronouncing Herrod's sentence, the district court made clear that it was aware that the sentencing range prescribed under the Guidelines was advisory. The district court then recited and considered the factors set forth in 18 U.S.C. § 3553(a). After reciting these factors, the district court

explicitly noted that it agreed with the sentencing range calculated by the probation officer, explaining that:

> [Defense counsel] addressed himself to the convictions of this defendant and the scores that results in, especially the Roman Numeral VI Criminal History. He arrives at that probably the same way I did. He has been arrested 50 times, or more than 50 times, resulting in three felony convictions and 40 misdemeanor convictions. The amazing thing about what I've just said is the defendant is 30 years old, and the longest term he has spent in jail is six months.

(ROA vol. 2 at 12.) Further, the district judge stated, "it's a strange case in that [Herrod] has so many arrests over such a s[h]ort period of time, 30 years or less, and more so than anybody else I've seen in this courtroom." (ROA vol. 2 at 13.) The district court then expressly identified many of the issues raised by Herrod as well as other factors contained in the presentence report, including Herrod's personal circumstances, his personal and family history, and even the circumstances that drove Herrod to return to selling drugs.

Although the court did not address the particular aspect of Herrod's argument relating to the quantity of drugs involved in his prior arrests, the record does evince that the court addressed at length the concerns underlying Herrod's argument, specifically discussed Herrod's criminal history, and ultimately concluded that sentencing Herrod as a career offender was appropriate because Herrod's "[lengthy criminal] record speaks more accurately of the defendant's chance for recidivism." (ROA vol. 2 at 14.) In rejecting Herrod's argument, the court emphasized Herrod's "amazingly long criminal record," and thus "determined that the circumstances of this case are not so exceptional as to form the factual basis for any such departure." (ROA vol. 2 at 11-14.)

On this record, I agree with the majority's conclusion that the district court's explanation of the sentence imposed is adequate.