**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0143n.06

**No. 08-6201**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Mar 08, 2010**
LEONARD GREEN, Clerk

|                                        |     |                                                                                                        |
| -------------------------------------- | --- | ------------------------------------------------------------------------------------------------------ |
| UNITED STATES OF AMERICA,              | )   |                                                                                                        |
|                                        | )   | **ON APPEAL** FROM THE                                                                                 |
| **Plaintiff-Appellee,**                | )   | UNITED STATES DISTRICT                                                                                  |
|                                        | )   | COURT FOR THE EASTERN                                                                                   |
| v.                                     | )   | DISTRICT OF TENNESSEE                                                                                   |
|                                        | )   |                                                                                                        |
| LADARRYL T. HEMPHILL,                  | )   |                                                                                                        |
|                                        | )   | **O P I N I O N**                                                                                      |
| **Defendant-Appellant.**               | )   |                                                                                                        |

**BEFORE:  BOGGS and NORRIS, Circuit Judges; ADAMS, District Judge.**[*]

**JOHN R. ADAMS, District Judge.**  Defendant Ladarryl T. Hemphill appeals from his sentence of 262 months' incarceration.  We **AFFIRM.**

Hemphill was indicted on one count of possession with intent to distribute more than five grams of crack cocaine.  On April 9, 2008, Hemphill pleaded guilty to the indictment.  Based upon his prior convictions, Hemphill was found to be a career offender.  As a result, the guideline range for Hemphill's conviction was 262 to 327 months.  Following a hearing, Hemphill was sentenced to 262 months.  Hemphill timely appealed, challenging the substantive reasonableness of his sentence.

This court reviews the district court's sentencing determination for procedural and substantive reasonableness.  *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v.*

---

[*]The Honorable John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

*Thomas*, 498 F.3d 336, 339 (6th Cir. 2007). We "first ensure that the district court committed no significant procedural error, such as ... failing to consider the § 3553(a) factors ... or failing to adequately explain the chosen sentence[.]" *Gall*, 552 U.S. at 51. Moreover, sentences that are properly calculated and within the applicable Guidelines range are presumptively reasonable. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). Hemphill does not challenge the procedural reasonableness of his sentence.

Accordingly, we turn to the issue of substantive reasonableness, bearing in mind that Hemphill's sentence is presumptively reasonable. "A sentence may be considered substantively unreasonable when the district court 'select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor.' " *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006) (quoting *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005)) (alterations in original).

Hemphill's sole argument on appeal is that the district court "gave too much weight to the Guidelines and too little weight" to the statutory factors. This argument, however, is not supported by the record.

When the district court pronounced Hemphill's sentence, it noted that the Guidelines were only advisory. Furthermore, the only argument offered by Hemphill for a below-Guidelines sentence involved the fact that Hemphill needed money for an apartment. Specifically, Hemphill asserted that his probation officer had denied him the opportunity to get a second job and that he needed money to secure his apartment, furniture, and food. This Court has previously found that such an excuse is insufficient to warrant a downward variance. *United States v. Vonner*, 516 F.3d 382, 390 (6th Cir.

2008) ("That Vonner sought to justify his drug dealing on the ground that he had no other means of earning a living after being released from jail does not show that the trial court abused its discretion[.]").

Furthermore, the district court adequately explained why a within-Guidelines sentence was appropriate. When it issued Hemphill's sentence, the district court noted that he had a lengthy criminal history with convictions in both federal and state court. The district court also explained that Hemphill had violated his supervised release on numerous occasions. For that matter, Hemphill's own sentencing memorandum indicated that he began selling crack cocaine a mere three weeks after being placed on probation for his last state court conviction. The district court concluded its statements by noting that "[t]he defendant has been afforded second and third chances to get himself straightened out and chose to break the law again."

This Court reaches a conclusion similar to that reached in *Vonner*:

> The record and the context of the sentencing hearing offer ample reasons for concluding that [Hemphill's] case was a "typical" one and therefore deserving of a within-guidelines sentence, and that his criminal history and his decision to violate serious criminal laws soon after [being placed on probation] outweighed his arguments in favor of leniency. "[W]e simply cannot say that [Hemphill's] special circumstances are special enough that, in light of § 3553(a), they *require* a sentence lower than the sentence the Guidelines provide."

*Vonner*, 516 F.2d at 390 (citations omitted, emphasis and third modification in original). In fact, unlike the defendant in *Vonner*, Hemphill has presented no special circumstances that would warrant a finding that a below-Guidelines sentence was required. Hemphill, therefore, has failed to rebut the presumption of reasonableness attached to his sentence. The judgment of the district court is **AFFIRMED**.