**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James Gerald ROBERTSON, Defendant–Appellant.**

No. 02–1493.

United States Court of Appeals, Sixth Circuit.

July 29, 2003.

Before KEITH, BATCHELDER, and CLAY, Circuit Judges.

KEITH, Circuit Judge.

Defendant James Gerald Robertson pled guilty to a charge of attempted bank robbery, in violation of 18 U.S.C. § 2113(a), and was sentenced to 188 months' imprisonment. He now appeals this sentence, arguing that the district court erred in sentencing him as a career offender, that he was not given reasonable notice that the district court was contemplating an upward departure, and that his sentence is not appropriate under the enhancement provisions of U.S.S.G. § 4A1.3. For the reasons set forth below, we AFFIRM Robertson's sentence.

## I. BACKGROUND

On October 10, 1997, Robertson entered a bank in Hamtramck, Michigan. He approached the counter and handed a bank teller a note demanding $3,000. The note stated in part: "do as I say and do it now or I will shoot." The teller began to count the money, but quickly pushed the hold-up alarm and ran away from her window. Robertson then ran out of the bank. A witness and two bank employees apprehended Robertson and held him until the Hamtramck Police arrived.

Later that day, two FBI agents interviewed Robertson at the Hamtramck Police Department. During the interview, Robertson waived his Miranda rights and confessed to attempting to rob the bank. Robertson also drafted a written confession. Robertson was subsequently charged with attempted bank robbery. He pled guilty, and on October 4, 1999, the district court sentenced him to 189 months' imprisonment. In sentencing Robertson, the district court classified him as a career offender pursuant to U.S.S.G. § 4B1.1. Robertson was given a two-point reduction in offense level for acceptance of responsibility, but the district court denied his request for an additional offense level reduction for "super-acceptance" of responsibility under U.S.S.G. § 3E1.1(b)(1).

Robertson appealed, arguing that (1) the district court erred in refusing to grant him an additional offense level reduction for acceptance of responsibility; (2) the court erred in sentencing him as a career offender; and (3) the court erred in holding that the seventy-day time period in which the government had to bring him to

trial under the Speedy Trial Act, 18 U.S.C. § 3161, was not exceeded. On July 10, 2001, a panel of this court issued an opinion affirming the district court's decision that the Speedy Trial Act was not violated, but vacating Robertson's sentence and remanding the case to the district court for resentencing. *United States v. Robertson*, 260 F.3d 500 (6th Cir.2001). The panel concluded that the district court indeed erred with respect to issues (1) and (2) above, and instructed the district court to reexamine those issues before resentencing Robertson. 260 F.3d at 512.

On April 11, 2002, the district court resentenced Robertson to 188 months. The district court granted Robertson an additional one-point offense level reduction for acceptance of responsibility under section 3E1.1(b). However, the district court again classified Robertson as a career offender, finding that Robertson had been incarcerated for at least two prior felony convictions within fifteen years of the time he commenced the instant offense. *See* J.A. at 121; U.S.S.G. § 4B1.1. The district court noted that even if Robertson was not classified as a career offender, a sentence of 188 months would be appropriate under the enhancement provisions of U.S.S.G. § 4A1.3. On appeal, Robertson alleges that the district court erred in sentencing him as a career offender, because only one of his prior convictions resulted in incarceration within fifteen years of the attempted bank robbery. He also alleges that if he is not a career offender under the Guidelines, then the district court erred in sentencing him to 188 months because the circumstances of this case do not justify a severe upward departure from the Sentencing Guidelines, and because the district court did not give him proper notice of its intent to upwardly depart. Robertson also requests that on remand, the district judge in this case, the Honorable Gerald E. Rosen, recuse himself in accordance with 28 U.S.C. § 455(a).

In addition to the facts underlying Robertson's bank robbery charge, certain facts about his prior convictions are also relevant. On December 6, 1966, Robertson was convicted in state court of Attempted Robbery Unarmed. He was sentenced to 42 months to 5 years in prison. He was initially scheduled to be paroled in February 1969. However, because of subsequent escapes from prison, Robertson was never paroled for the attempted robbery, and Michigan Department of Corrections records indicate that his sentence for this offense did not terminate until December 29, 1983.

Robertson was convicted of Escape From Prison on four separate occasions: August 19, 1969; April 21, 1971; May 16, 1972; and June 25, 1974. For his first escape, he received a sentence of 16 months to 5 years. The other three sentences were 8 months to 5 years; 6 months; and 4 months to 5 years. Department of Corrections records indicate that the first three sentences for escape terminated on December 29, 1983, while the fourth sentence terminated on December 19, 1983.

On March 21, 1975, Robertson was convicted of Attempted Larceny in a Building. He was sentenced to 1–2 years in prison. This sentence terminated on July 22, 1976. Robertson was also convicted of Uttering and Publishing and Attempted Uttering and Publishing in 1976. The sentences for these two offenses ranged from 30 months to 14 years.

In addition to these state court convictions, Robertson was also convicted of Bank Robbery in federal court in 1988. He received a 14–year federal custodial sentence. He was paroled from federal custody on July 18, 1997, and was on pa-

role in October 1997, when he attempted to rob the bank in Hamtramck.

## II. DISCUSSION

### A. *Standard of Review*

Issues involving the interpretation of the Sentencing Guidelines are legal questions, which we review *de novo. United States v. Jones,* 159 F.3d 969, 980 (6th Cir.1998). However, a district court's factual findings in its application of the Guidelines are reviewed for clear error. *Id.*

### B. *Analysis*

Robertson argues that the district court erred in sentencing him as a career offender because he was neither convicted nor incarcerated for two prior qualifying offenses within fifteen years of the date of the instant offense. Under the Sentencing Guidelines, a defendant is a career offender if (1) he was at least eighteen years old at the time he committed the instant offense of conviction: (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. To be counted, a prior sentence must have exceeded one year and one month in prison, and must have been imposed within fifteen years of the defendant's commencement of the instant offense. U.S.S.G. § 4A1.2(e)(1). Prior sentences that resulted in the defendant's incarceration at any time during that fifteen-year period are also counted. U.S.S.G. § 4A1.2(e)(1). Escape from prison is considered a crime of violence in this Circuit. *See United States v. Harris,* 165 F.3d 1062, 1067–68 (6th Cir.1999).

The trial court found that Robertson's 1988 federal bank robbery conviction was a prior felony conviction under section 4B1.1. Robertson does not dispute that this conviction is countable. The trial court also found that at least one, if not more, of Robertson's prior convictions was countable, making him a career offender. J.A. at 128. The trial court based this finding on information in the Presentence Investigation Report (PSR), which in turn relied upon information from the Michigan Department of Corrections. The PSR states that five of Robertson's sentences did not terminate until December 1983, which is within fifteen years of October 10, 1997, the date on which Robertson attempted to rob the bank in Hamtramck. According to the PSR, the five sentences that expired in December 1983 were for the Attempted Robbery Unarmed conviction on December 6, 1966 and the four Escape convictions.

Robertson claims that the district court erred in relying on this information from the PSR. Citing *Wayne County Prosecutor v. Department of Corrections,* 451 Mich. 569, 548 N.W.2d 900 (1996), he argues that under Michigan law, he could not have been incarcerated within fifteen years of October 10, 1997, on either the Attempted Robbery Unarmed conviction or any of the subsequent Escape convictions. In *Wayne County Prosecutor,* the Michigan Supreme Court considered a statute which provides that the term of imprisonment for an offense committed while on parole shall begin to run at the expiration of the remaining portion of the initial prison term. The court held that this statute requires the paroled offender to serve at least the combined minimums of his previous sentences before he begins serving time for the offense committed while on parole. 451 Mich. at 572, 548 N.W.2d at 902.

We agree with the district court that in addition to the 1988 federal bank robbery conviction, at least one of Robertson's prior convictions is countable under U.S.S.G. § 4A1.2(e)(1), making him a career offender as defined in U.S.S.G. § 4B1.1. Despite Robertson's claim that he could not have

been incarcerated on either the Attempted Robbery Unarmed conviction or any of the Escape convictions after October 10, 1982, we conclude that he was. A letter from the Michigan Department of Corrections to the United States Probation Officer states that Robertson's sentence for the Attempted Robbery Unarmed and his sentences for three of the subsequent Escapes all terminated on December 29, 1983. J.A. at 41. The letter also states that the sentence for Robertson's other Escape conviction terminated on December 19, 1983. With respect to the escape convictions, the PSR indicates that Robertson was paroled and returned to custody several times, including a parole on August 25, 1981 and a return to custody on February 25, 1982. J.A. at 141. Robertson argues that the date of his actual release from custody and the date given by the Department of Corrections as the date his sentences terminated are not the same. We conclude, however, that the letter from the Department of Corrections is not ambiguous on its face, and if Robertson had some actual evidence that he was not in fact incarcerated after October 10, 1982, he certainly could have presented it to the sentencing court. He presented no such evidence. We therefore conclude that Robertson was incarcerated for a crime of violence other than his 1988 federal bank robbery conviction within fifteen years of October 10, 1997. Accordingly, the district court properly sentenced him as a career offender.

Robertson's reliance on *Wayne County Prosecutor* is misplaced. In that case, the Michigan Supreme Court held that the relevant statute "requires the offender to serve at least the combined minimums of his sentences, plus whatever portion of the earlier sentence the Parole Board may, because the parolee violated the terms of parole, require him to serve." 451 Mich. at 572, 548 N.W.2d at 902. Here, it is clear that Robertson was required to serve more than the combined minimums of his sentences. Based on his sentences, Robertson could have served a total of twenty years and six months for the crimes in question: five years for the Attempted Robbery Unarmed conviction, five years each for the first, second, and fourth escapes, and six months for the third escape. Had he served these maximum sentences, he would have remained incarcerated until sometime in 1987. Instead, his sentences terminated, and he was discharged, in December of 1983.

Because we find that Robertson's sentence of 188 months was appropriate based on his status as a career offender, we need not address his other arguments.

### III. CONCLUSION

For these reasons, the judgment of the district court is AFFIRMED.