**NOT RECOMMENDED FOR PUBLICATION**

File Name: 20a0392n.06

Case No. 19-2368

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| JAMES GERALD ROBERTSON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

**FILED**
Jul 09, 2020
DEBORAH S. HUNT, Clerk

BEFORE: CLAY, ROGERS, and DONALD, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** The district court sentenced James Gerald Robertson to 24 months in prison after Robertson violated the conditions of his supervised release for the second time. He now challenges both the procedural and substantive reasonableness of his sentence. In reaching its sentencing decision, the district court made unsubstantiated claims about Robertson's health issues, which was one of the mitigating factors urged by Robertson at sentencing. Because we find that the district court relied on these unsubstantiated facts and otherwise failed to adequately explain its sentence, we VACATE Robertson's sentence and REMAND for resentencing.

**I.**

Robertson has spent much of his life in prison as a result of convictions for attempted robbery, escape from prison, attempted larceny, bank robbery, and more. In 1997, while still on

parole for bank robbery, Robertson attempted another bank robbery, but he was quickly apprehended by police. *United States v. Robertson*, 71 F. App'x 481, 482-84 (6th Cir. 2003). The government charged Robertson with attempted bank robbery, and he pleaded guilty. *Id.* at 482. The district court sentenced Robertson to 188 months in prison with 24 months of supervised release to follow, and this Court affirmed the sentence. *Id.* at 485. In April 2017, Robertson left the custody of the Bureau of Prisons, but he ended up serving a 6-month custodial sentence in Michigan. In April 2018, Michigan released Robertson from custody, and he failed to report to the United States Probation Office for his supervised release on the attempted bank robbery conviction.

Robertson's probation officer reported Robertson's failure to the district court, and the district court issued a warrant for his arrest. Authorities arrested Robertson in August 2018, and he appeared before the district court for his supervised release violation hearing on August 14, 2018. Robertson admitted to a violation despite his counsel explaining that Robertson had been confused and thought that "he had actually been terminated from his supervision." The district court asked if Robertson was interested in being on supervised release, and Robertson stated, "Had I known . . . I had supervised release to report to, I would have reported to it. I had no idea that I had supervised release. I didn't know. I would have reported. And I would report today if you decide to reinstate it." The district court reinstated supervised release for 24 months. The district court warned Robertson that if he violated again, then the court would not "be nice to [Robertson] at all" and would put Robertson "right in jail for 14 months[1] and terminate it and that's it." At the end of the hearing, the district court reiterated its "[z]ero tolerance" for Robertson having "[a]ny further brushes with the [c]ourt."

---

[1] At the time, Robertson's guidelines range was 8 to 14 months.

Robertson again failed to comply with the conditions of his supervised release. On October 1, 2018, he tested positive for and admitted to cocaine use. At the sentencing hearing, he claimed that his roommate at the time "had put it into something that he was drinking, and that's the explanation he gave to his probation officer." On October 5, 2018, Robertson's probation officer visited him at home and requested a random urine screen. Robertson's urine preliminarily tested positive for cocaine, but the sample was too small to test at the lab, so his probation officer directed that he report to the probation office later that day to provide a urine sample. He failed to report. On October 30, 2018, Robertson failed to provide a urine sample. His probation officer referred him to a substance abuse treatment program, but Robertson failed to report for his various intake assessments on three different occasions. In November 2018, Robertson again failed to report to his probation officer. In January 2019, his probation officer learned that Robertson changed residences in early December without "provid[ing] an updated address" and noted that he "is not returning phone calls."

A little less than a year later, the government finally tracked down Robertson and arrested him. He appeared for sentencing on November 21, 2019. The district court began by stating, "I remember [Robertson] very, very well . . . [and] him telling me if I let him go, he wouldn't come back, and now here we are." The district court then listed the individual violations:

> [F]ive proposed violations . . .: failure to report and submit truthful reports; lack of answering inquiries; notification at least ten days prior to any change in residence; refrain from the use of excessive alcohol and cocaine; and participate in a rehab program.

Robertson then accepted responsibility for the violations with the explanation for the cocaine use, which was discussed above. The parties agreed that Robertson had a guidelines range of 21 to 24 months with the statutory maximum at 24 months.

Robertson's counsel urged the court to consider several mitigating factors: (1) Robertson's health issues; (2) Robertson's long history of institutionalization; and (3) Robertson's age. His counsel explained that Robertson has a long history of lung cancer with lung nodules "highly suspicious for malignancy," discovered in 2016. A doctor ordered a CT scan in 2017, but Robertson never followed up. Again, in 2018, "a radiology scan . . . showed cancerous nodules on his lungs[] . . . suspicious for malignancy." Unfortunately, Robertson never follows up, so doctors have "never been able to evaluate the question of his lung nodules." He also has high blood pressure, high cholesterol, and uses an inhaler. Robertson's counsel also explained that Robertson's longtime institutionalization has had adverse effects on him. His counsel referenced studies showing that institutionalization can cause hypervigilance, suspicion, and social withdrawal. Robertson is also 70 years old with little living family. Robertson's counsel explained that there was not likely to be a deterrent effect on Mr. Robertson and reminded the court of the mitigating factors, accepting that there should be some penalty for Robertson breaching the district court's trust. Robertson urged the district court to consider a downward variance close to three months.

The government countered that the Robertson is "not amenable to supervised release." The government also noted Robertson's extensive criminal history. The government recommended a 21-month sentence.

The district court questioned Robertson about his violations. First, it asked where Robertson had been for the past nine months, and Robertson explained that he had been staying with a friend. The district court also asked why Robertson had not contacted his probation officer, and Robertson claimed that he had gone to the courthouse, but the marshals would not let him in with a cell phone. Robertson also claimed that he lost his probation officer's phone number when

the district court followed up by asking why Robertson did not call his probation officer. The court also clarified that Robertson's "excuse for taking cocaine was . . . that . . . somebody put it in [his] drink" and Robertson "unknowingly, unwittingly ingested" it.

> The district court then announced Robertson's sentence:
>
> I agree with [Robertson's counsel] that institutionalization of individuals like Mr. Robertson causes him problems. On the other hand, Mr. Robertson is completely immersed in his self-centered goals. He has mental issues which he's not been able to overcome. He's dishonest, he's incorrigible. He cannot point to himself as the ultimate person responsible for his criminal activity. His health issues are brought on by a lifetime of selfish pursuit of smoking, drinking, taking drugs and committing criminal activity. I'd like to help Mr. Robertson. I tried to help Mr. Robertson. He's not amenable to help as the prosecutor said. He's going to die in jail or he'll get out of jail, commit another crime, get prosecuted and . . . die in jail or he'll die outwards. His behavior is outrageous, it's, as I mentioned, incorrigible, he's beyond help, and the sentence is 24 months in federal prison.

The district court then added, "[T]his guy can't be reformed. No supervised release afterwards." The district court then engaged in a back and forth exchange after Robertson asked to say something. The district court stated, "[Y]ou want to speak to the truth but you can't speak to your probation officer," adding "you're a bad guy . . . you won't take help 'cuz [sic] you're a criminal . . . [a]nd you're going to die in jail because you made a lifetime of bad decisions." Robertson then cursed at the district court.

The district court then asked for objections, and Robertson's counsel merely reiterated his objections to the length of the sentence. The district court then stated, "I'd like the appellate court to know I would have given him 48 months if I had the opportunity, but I couldn't, I couldn't do that; I was capped at 24. I really think Mr. Robertson is incorrigible and that is demonstrated by his mouthiness after the sentence was imposed." The district court then explained Robertson's appellate rights. In an amended judgment, the district court also clarified that Robertson would "be allowed to receive treatment for his cancer while incarcerated in a federal facility."

Robertson timely appealed. On appeal, Robertson challenges both the procedural and substantive reasonableness of his sentence. First, he argues that the district court committed procedural error by basing its sentence on the unsubstantiated idea that Robertson's health problems were caused by Robertson's own unhealthy lifestyle and criminal activity. Next, he argues that his sentence is substantively unreasonable because the district court focused on its view that Robertson is a bad guy and incorrigible rather than tying its explanation for the sentence to the sentencing factors in 18 U.S.C. § 3553(a).

## II.

We "review supervised release revocation sentences in the same way that we review all other sentences—under a deferential abuse of discretion standard for reasonableness." *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007) (quotations omitted) (quoting *United States v. Lalonde*, 509 F.3d 750, 769 (6th Cir. 2007)). However, Robertson failed to object to the procedure used by the district court. Thus, while we review his substantive reasonableness challenge for an abuse of discretion, "we review the procedural reasonableness of [Robertson's] sentence for plain error." *United States v. Zobel*, 696 F.3d 558, 566 (6th Cir. 2012). To show plain error, Robertson must "show (1) error (2) that was obvious or clear, (3) that affected [his] substantial rights[,] and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (quotations omitted) (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)).

Robertson argues that the district court committed procedural error by selecting a sentence based on clearly erroneous facts when the district court rejected his request for a variance based on his health issues and found that Robertson's "health issues are brought on by a lifetime of selfish pursuit of smoking, drinking, taking drugs[,] and committing criminal activity."

> [I]n reviewing sentences for procedural reasonableness we must ensure that the district court: (1) properly calculated the applicable advisory Guidelines range; (2) considered the other § 3553(a) factors as well as the parties' arguments for a sentence outside the Guidelines range; and (3) adequately articulated its reasoning for imposing the particular sentence chosen, including any rejection of the parties' arguments for an outside-Guidelines sentence . . . .

*Bolds*, 511 F.3d at 581. The district court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall v. United States*, 552 U.S. 38, 49-50 (2007). The district court "may not presume that the Guidelines range is reasonable[;]" instead the court "must make an individualized assessment based on the facts presented." *Id.* at 50. The district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.* The district court does that by "set[ting] forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *United States v. Thomas*, 498 F.3d 336, 340 (6th Cir. 2007) (quoting *United States v. Liou*, 491 F.3d 334, 338 (6th Cir. 2007)); *see also Rita v. United States*, 551 U.S. 338, 356 (2007).

A district court undoubtedly commits procedural error "when it bases the sentence on 'clearly erroneous facts.'" *United States v. Adams*, 873 F.3d 512, 517 (6th Cir. 2017) (quoting *Gall*, 552 U.S. at 51). However, Robertson must show "that the challenged evidence is materially false or unreliable, and that such false or unreliable information actually served as the basis for the sentence." *Id.* (quoting *United States v. Robinson*, 898 F.2d 1111, 1116 (6th Cir. 1990)). To determine if the district court based its sentence on the unreliable information, we ask "whether the sentence . . . might have been different" in the absence of the unreliable information, which requires considering "whether the information in question appears to have been an important factor in determining [the] sentence." *Id.* at 518 (quotations omitted) (quoting *United States v. Wilson*, 614 F.3d 219, 224 n.3 (6th Cir. 2010); *United States v. Gonzalez-Castillo*, 562 F.3d 80, 81 (1st

Cir. 2009)). Under the third prong of plain error review, we perform a similar analysis: "A sentencing error affects a defendant's substantial rights when there is a reasonable probability that, but for the error, [he] would have received a more favorable sentence." *Wilson*, 614 F.3d at 223.

In rejecting Robertson's request for a variance based on his health issues, the district court stated that Robertson's "heath issues are brought on by a lifetime of selfish pursuit of smoking, drinking, taking drugs and committing criminal activity." Here, the government admits that the "[t]here is no evidence in the record to suggest that Robertson was a smoker, or that he abused alcohol." The government, however, argues that "this is of no consequence . . . because the record does show persistent criminal activity and drug use." However, the government fails to explain what, if any evidence, shows that "taking drugs and committing criminal activity" caused Robertson's lung cancer issues. Thus, the district court certainly stated unreliable facts when announcing its sentencing decision, but our inquiry does not end there, as we must determine whether these facts were an important factor in sentencing.

On this record, it appears that these facts were important to the district court's decision. In dismissing Robertson's health issues, the district court relied on its unsubstantiated belief that Robertson's drinking, smoking, doing drugs, and criminal activity had caused his health issues. In *United States v. Thomas*, this Court held that the district court committed procedural error by failing to address the defendant's arguments for a lower sentence. *Thomas*, 498 F.3d at 340-41. In *Thomas*, while the district court stated that it had read the defendant's arguments, the Court found, "[The district court's] conclusory statement leaves us unsure as to whether the district court adequately considered and rejected [the defendant's] arguments." *Id.* at 341. In *Thomas*, the Court concluded that "the district court did not set forth enough to satisfy the appellate court that [it] has

considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Id.* (quotations omitted) (quoting *Rita*, 551 U.S. at 357).

Here, the district court acknowledged Robertson's argument for a lower sentence based on his health issues, but then relied on unsubstantiated information to dismiss those same health issues. More so than in *Thomas*, we have questions about whether the district court had "a reasoned basis for exercising [its] own legal decisionmaking authority," *id.*, because the district court relied on the unsubstantiated belief that Robertson caused his own health issues by drinking, smoking, doing drugs, and committing criminal activity. Furthermore, there is little else in the record explaining why the district court specifically decided to reject Robertson's mitigation argument related to his poor health.

On another record, we might be able to find that other considerations independently justified Robertson's sentence, but the record in this case does not allow for that type of meaningful review. *See Wilson*, 614 F.3d at 225 ("Only if another of the district court's considerations had independently justified the entirety of [the defendant's sentence] could we conclude . . . that the sentence was not based on the [unreliable or false information]."). Here, the district court made no explicit mention of the § 3553(a) factors beyond the sentencing range. *Bolds*, 511 F.3d at 581 ("[W]e must ensure that the district court . . . considered the other § 3553(a) factors."). The district court focused on the fact that Robertson has "mental issues" and is "self-centered," "dishonest," "incorrigible," "beyond help," "a criminal," and "a bad guy." Even if true, these statements do not "allow for meaningful appellate review [nor] promote the perception of fair sentencing." *Gall*, 552 U.S. at 50. Moreover, the district court never explained why it chose 24 months instead of the 21 months suggested by the government and the probation office, and the court's stated reason for

not considering Robertson's health issues was based on the previously-discussed unreliable information.

We find that the district court erred when it relied on unsubstantiated facts in dismissing Robertson's argument for a lower sentence based on his health issues because the record does not show that the "district court's [other] considerations" independently explain Robertson's sentence in this case, *Wilson*, 614 F.3d at 225. Without any record evidence for those unsubstantiated facts, we find that the error was obvious or clear. *See Vonner*, 516 F.3d at 386; *Wilson*, 614 F.3d at 223. Here, because the district court failed to fully explain Robertson's sentence and relied on unsubstantiated facts, "there is a reasonable probability that, but for the error, [Robertson] would have received a more favorable sentence." *Wilson*, 614 F.3d at 223.[2] Finally, our Court has previously held "that basing a criminal sentence on a non-existent material fact threatens to compromise the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 225 (quotations omitted) (quoting *Gonzalez-Castillo*, 562 F.3d at 83 (1st Cir. 2009)). As such, the district court committed clear procedural error in sentencing Robertson.

**III.**

Robertson also argues that his sentence is substantively unreasonable. However, "[h]aving found [Robertson's] sentence procedurally unsound, we need not reach this argument[,] [a]s . . . an appellate court is required to assess the substantive reasonableness of a sentence only if the

---

[2] The dissent argues that because the district court stated that it would have given Robertson a 48-month sentence if allowed, there is no probability that the district court would have imposed a more lenient sentence. To the contrary, we view this statement as another example of the procedural issues in this case. After announcing the sentence, the district court stated, "I'd like the appellate court to know I would have given him 48 months if I had the opportunity, but I couldn't, I couldn't do that; I was capped at 24. I really think Mr. Robertson is incorrigible and that is demonstrated by his mouthiness after the sentence was imposed." Again, however, the district court failed to explain why a 48-month sentence would have been appropriate for Robertson's violation of the terms of his two years of supervised release. Instead, the district court stated that 48 months would be appropriate because Robertson is incorrigible and mouthy. As with the earlier statements by the district court, these statements do not "allow for meaningful appellate review [nor] promote the perception of fair sentencing." *Gall*, 552 U.S. at 50.

sentence is procedurally sound." *Id.* at 226 (citing *Gall*, 552 U.S. at 51). Because we find that the district court committed plain procedural error, we VACATE Robertson's sentence and REMAND for resentencing.

ROGERS, Circuit Judge, dissenting.   However regrettable were the district court's unsubstantiated statements about Robertson's health issues, and the court's brief display of a regrettable lapse in judicial temperament, Robertson's sentence was not procedurally unreasonable under plain error review.

Robertson cannot establish that the district court's error affected his substantial rights because there is not a reasonable probability that, but for the procedural error, the district court would have imposed a more lenient sentence.  *See United States v. Ferguson*, 681 F.3d 826, 833–36 (6th Cir. 2012); *United States v. Woodard*, 638 F.3d 506, 509–10 (6th Cir. 2011); *see also United States v. Wilson*, 640 F. App'x 492, 501–02 (6th Cir. 2016).  Here, the district court explicitly stated that Robertson's supervised release violations warranted a 48-month sentence, but recognized that it was limited by statute to 24 months.  The district court's statement makes clear that Robertson would not have received a more favorable sentence than the 24-month within-guidelines sentence had the district court not erred.

Further, the district court essentially reasoned that Robertson deliberately defied his supervised release constraints, which is demonstrated by Robertson's repeated violations, including absconding for about nine months.  The district court considered Robertson's history and characteristics—relevant 18 U.S.C. § 3553(a) factors—even if it did not explicitly mention these factors.  Curing the district court's unobjected-to procedural error in a resentencing hearing will not change the district court's central reasoning and ultimate 24-month sentence.

Moreover, if counsel below had properly objected to the procedural error relied upon in the majority opinion, the district court would likely have cured it.  The purpose of the highly deferential nature of plain error review accordingly applies strongly here.  *See United States v. Bostic*, 371 F.3d 865, 873 (6th Cir. 2004).